879 So.2d 1247 (2004)
Sergio Luiz Vergani CARDOSO, Appellant,
v.
FPB BANK, etc., Appellee.
No. 3D03-3049.
District Court of Appeal of Florida, Third District.
April 21, 2004.
Rehearing and Rehearing Denied August 11, 2004.
*1248 Benitez & Associates and Leo Benitez, for appellant.
Fine & Licitra, LLP, and Edward A. Licitra and Alan S. Fine, Miami, for appellee.
Before FLETCHER, RAMIREZ, and SHEPHERD, JJ.
Rehearing and Rehearing En Banc Denied August 11, 2004.
SHEPHERD, J.
We review a non-final order which, relying on the forum non conveniens doctrine, denied Sergio Luis Vergani Cardoso's ("Cardoso") motion to dismiss a complaint for collection of a debt guaranteed by him. We affirm.
On or about November 7, 2001, Cardoso, a resident of Miami-Dade County, executed a personal guarantee on a loan made to Stella Barros Turismo, Ltd. ("Stella Barros") by the plaintiff, FPB Bank ("FPB Bank" or "FPB") in Brazil.[1] Cardoso is a former shareholder and employee of Stella Barros. Cardoso signed and executed the personal guarantee in Miami-Dade County, where he had been living for some eighteen months. The only two payments made on the loan since its inception were sent to an FPB Bank affiliate in Miami.
A trial court presented with a motion to dismiss on the basis of forum non conveniens engages a four-step analysis, originally set forth in Pain v. United Technologies Corp., 637 F.2d 775 (D.C.Cir. 1980), cert. denied, 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981), and adopted by the Florida Supreme Court in Kinney System, Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996):

*1249 (1) As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case.
(2) Next, the trial judge must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice.
(3) If the trial judge finds this balance of private interests in equipoise or near equipoise, he must then determine whether or not factors of public interest tip the balance in favor of a trial in [another] forum.
(4) If he decides that the balance favors such a ... forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.
Kinney, 674 So.2d at 90.
Cardoso claims that he is excused from satisfying the Kinney requirements because a forum selection clause in the loan documents confines the suit solely to either Antigua, West Indies, where the bank is headquartered, or Sao Paulo, Brazil, where the loan transaction was negotiated and consummated in all respects except for Cardoso's signature. Cardoso relies on the following language found in the loan documents:

Any legal action or proceeding against Borrower and/or Guarantor with respect to this Agreement, the Note, the Loan and the Guarantee hereunder may be brought in the courts of Antigua, and/or in the Courts of the city of Sao Paulo, state of Sao Paulo, Federative Republic of Brazil, at the sole option of the Lender, and the Borrower and the Guarantor hereby accept and irrevocably submit to the jurisdiction of such courts for the purpose of any such action or proceeding. The Borrower and the Guarantor hereby irrevocably consent to the service of process upon them in such proceedings by mailing copies thereof by registered mail to their address as specified or in any other manner permitted by law. Failure of the Borrower and/or the Guarantor to receive service of process in any such proceeding shall not affect the validity of such service or any judgment based thereon.
(Emphasis added.)
In this posture, Cardoso misreads the loan documents and misapplies Florida law to clauses of this type. Nowhere do the loan documents state that the Bank must proceed in either Antigua or Sao Paulo. An ordinary and customary reading of the clause in question leads to the inescapable conclusion that the forum selection clause on which Cardoso seeks to rely is permissive, not mandatory.[2] A permissive forum selection clause suggests the parties' consent to a lawsuit in the location(s) mentioned therein, but does not preclude litigation in other locations. See Garcia Granados Quinones v. Swiss Bank Corp. (Overseas), S.A., 509 So.2d 273, 274-75 (Fla.1987); Celebrity Cruises, Inc. v. Hitosis, 785 So.2d 521, 522 (Fla. 3d DCA 2000).
Having determined that Cardoso cannot avail himself of the forum selection clause in the loan documents to obtain a dismissal of FPB's suit on the basis of forum non conveniens, we analyze the Kinney factors as they relate to this case, and likewise conclude that the trial court *1250 was correct in denying Cardoso's motion. We observe at the outset, as has one of our sister courts, "that this case involves the exceptional situation in which the defendant[ ][has] been sued in [his] own home forum and [has] objected that [his] home forum is inconvenient." Sanwa Bank, Ltd. v. Kato, 734 So.2d 557, 561 (Fla. 5th DCA 1999). A forum non conveniens argument coming from a party sued where he resides is both "puzzling" and "strange." Id. (citing Lony v. E.I. DuPont de Nemours & Co., 935 F.2d 604, 608 (3d Cir.1991)). In addition, Cardoso neither filed nor succinctly articulated his defenses to the guarantee claim prior to the hearing on his motion to dismiss. It is therefore hardly surprising that his affidavit in support of his motion was both general and conclusory in nature, alleging, for example, that FPB Bank is not from Florida and does not conduct any business in Florida; that all of the documentary evidence is located in Brazil, and is mostly in Portuguese; that the loan transaction was consummated in Brazil and the like, but failing to identify any factual circumstance or even a single witness in Brazil with evidentiary value to Mr. Cardoso's defense of the claim.
It is axiomatic that Cardoso, as the movant below, has the burden of persuasion of each prong of the forum non conveniens analysis. Woods v. Nova Companies Belize Ltd., 739 So.2d 617, 621 (Fla. 4th DCA 1999), rev. denied, 766 So.2d 222 (Fla.2000); Carenza v. Sun Intern. Hotels, Ltd., 699 So.2d 830, 832 (Fla. 4th DCA 1997). Moreover, this Court will not disturb the trial court's decision on a motion to dismiss on the ground of forum non conveniens absent abuse of discretion. Fla. R. Civ. P. 1.061(a); Bacardi v. Lindzon, 728 So.2d 309, 312 (Fla. 3d DCA 1999); Ira Mex, Inc. v. Southeastern Interior Constr., Inc., 777 So.2d 1107, 1108 (Fla. 4th DCA 2001).
As to the first prong of the Kinney test, the trial court concluded that Cardoso did not meet his burden of persuasion that Brazil was both an available and adequate forum for resolution of this dispute. Although not the only way to satisfy this prong, a movant may submit testimony or an affidavit from a legal expert who either practices in the proposed alternate forum or who is otherwise familiar with the forum as an expert in that jurisdiction's law. E.g. Ciba-Geigy Ltd., BASF A.G. v. Fish Peddler, Inc., 691 So.2d 1111, 1120-21 (Fla. 4th DCA 1997). Cardoso did neither here, and thus we are unable to say that the trial court abused its discretion in finding that Cardoso failed to meet his obligation under this prong.
Although the trial court could have stopped there, it also concluded that Cardoso failed to meet prong two of the Kinney test. In Kinney, the Florida Supreme Court, hearkening to the federal precedent from which Kinney itself emanates, stated that "[i]mportant considerations [in examining prong two] are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Kinney, 674 So.2d at 89. The generalized affidavit filed by Cardoso in this matter falls far short of the quality and quantity of proof necessary to meet the "private interests" prong of Kinney. See Kinney, 674 So.2d at 91 (private interests presuppose demonstrable level of adequate access to evidence, enforceability of judgments, presence of witnesses, and practicalities in the proposed favored forum). We therefore likewise conclude that the trial court did *1251 not abuse its discretion in denying Cardoso's motion on this ground.
For the foregoing reasons, we affirm the decision of the trial court.
NOTES
[1] Cardoso makes much of the apparent fact that the transaction guaranteed by him was a renewal of one or more previous loans or a line of credit between the lender and borrower. We consider this to be irrelevant for our purposes.
[2] We similarly dispose of Cardoso's eleventh hour reliance at the evidentiary hearing on a purported additional forum selection clause in what the Bank's counsel conceded was a "separate but related" obligation. The clause clearly states that it applies only to "any issue arising from this agreement" referring to the belatedly submitted agreement.