877 So.2d 827 (2004)
GOLF SCORING SYSTEMS UNLIMITED, INC., Appellant,
v.
Joseph W. REMEDIO, Appellee.
No. 4D03-4142.
District Court of Appeal of Florida, Fourth District.
July 7, 2004.
*828 Gary M. Bagliebter and Temple F. Kearns of Shutts & Bowen LLP, Fort Lauderdale, for appellant.
Louis E. Lozeau, Jr. of Wright, Ponsoldt & Lozeau, Trial Attorneys, L.L.P., Stuart, for appellee.
PER CURIAM.
Joseph Remedio filed suit against Golf Scoring Systems Unlimited, Inc. in Martin County for breach of contract and specific performance of agreements related to the development and marketing of computerized golf scoring devices. Golf Scoring filed a motion to dismiss Remedio's complaint for improper venue based on a Broward County forum selection clause contained in the agreements. The trial court denied the motion, finding the clause permissive. We reverse.
Both the initial agreement for the development and marketing of computerized golf scoring devices and a subsequent Patent and Technology License Agreement included the following forum selection clause:
GOVERNING LAW AND VENUE: This Agreement and the rights and obligations of the parties shall be governed by and construed in accordance with the laws of the State of Florida. The parties hereto consent to Broward County, Florida, as the proper venue for all actions that may be brought pursuant hereto.
Additional agreements between the parties neither included or altered this clause. Remedio maintains that the clause is permissive and Golf contends that the clause is mandatory. The trial court determined that the clause was permissive, relying on Granados Quinones v. Swiss Bank Corp., 509 So.2d 273 (Fla.1987).
The status of the forum selection clause raises an issue of contract interpretation. *829 When interpreting a contract, a court should give effect to the plain and ordinary meaning of its terms. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 132 (Fla.2000) (citing Scudder v. Greenbrier C. Condo. Ass'n, 663 So.2d 1362, 1367 (Fla. 4th DCA 1995)); Am. Real Estate Holdings Ltd. P'ship v. Twin Cities Investors, Inc., 740 So.2d 562, 565 (Fla. 4th DCA 1999). "Words should be given their natural meaning or the meaning most commonly understood in relation to the subject matter and circumstances, and reasonable construction is preferred to one that is unreasonable." Thompson v. C.H.B., Inc., 454 So.2d 55, 57 (Fla. 4th DCA 1984).
Under Florida law, a forum selection clause is considered mandatory where it requires "`that a particular forum be the exclusive jurisdiction for litigation concerning the contract.'" Granados Quinones, 509 So.2d at 274 (citation omitted). On the other hand, "[p]ermissive clauses constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum." Id. at 274-275. Generally, a forum selection clause "will be considered permissive where it lacks words of exclusivity." Shoppes Ltd. P'Ship v. Conn, 829 So.2d 356, 358 (Fla. 5th DCA 2002). Exclusivity exists where "forum selection clauses state or clearly indicate that any litigation must or shall be initiated in a specified forum," but not where words such as "may" are used. Id. To be mandatory the clause need only contain terms expressing that nature, not magic words. See Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 631 (Fla. 1st DCA 1999) (indicating that a venue clause need only be phrased in "mandatory terms" to be considered mandatory).
In the case at bar, the forum selection clause does not state that it is mandatory by employing the magic words "must" or "shall." The forum selection clause also does not state that it is permissive by using words such as "may." However, the forum selection clause does clearly indicate that it is mandatory in nature. The clause includes the phrase "the proper venue." "The" is a definite article "used as a function word with a noun modified by an adjective or by an attributive noun to limit the application of the modified noun to that specified by the adjective or the attributive noun ." Webster's New Collegiate Dictionary 1199 (1980 ed.). As such, "the" limits that to which it refers to only one, to the exclusion of all others. Therefore, Broward County is the exclusive and mandatory forum in the case at bar. Consequently, we reverse and remand for dismissal.
REVERSED AND REMANDED.
GUNTHER, STEVENSON and HAZOURI, JJ., concur.