FARMER, J.
We review an order dismissing an action because venue was deemed improper in Broward County. The court found that venue was proper in another county but that plaintiff was barred from refiling the case in that county by the lapse of the statute of limitations. Plaintiff argues that a dismissal on such grounds is error. We agree.
Plaintiff filed his complaint in the circuit court in Broward County, alleging that defendant violated a duty under the Whis-tleblower Act to pay him wages. He asserted that venue was proper in Broward County because he resided there. Later at a deposition, he answered that he lived in Broward County when he filed suit. Later still, he filed an affidavit seeking to change his deposition testimony. His affidavit showed that after the deposition he realized that he actually relocated to Palm Beach County ten days before he filed suit.
Much later in the proceedings, defendant filed a motion for summary judgment arguing that the cause should be dismissed because venue was improper in Broward County and the claim was now barred by the statute of limitations. At the non-evidentiary hearing, plaintiff asked the court to deny the motion or, alternatively, to transfer venue to the circuit court in Palm Beach County. The trial court concluded that venue should have been laid in Palm Beach County, yet declined to transfer the case because plaintiff had first requested transfer orally at the hearing. The court was concerned that a transfer under these circumstances would violate defendant’s right to notice.
The Whistleblower Act’s venue provision says that “[a]ny civil action authorized under this section may be brought in the county in which the alleged retaliatory personnel action occurred, in which the complainant resides, or in which the em *1175 ployer has its principal place of business.” § 448.103(l)(b), Fla. Stat. (2005). The statute gives a plaintiff the privilege of selecting venue from any of the alternatives specified. See P.V. Holding Corp. v. Tenore, 721 So.2d 430, 431 (Fla. 3d DCA 1998) (it is well established that where venue is proper in more than one county, the choice of forum rests with the plaintiff).
We think the statutory venue provision based on plaintiffs residence is reasonably understood as including the time when the conduct allegedly violating the Act is said to have occurred.[1] If plaintiff resided in Broward County when the employer allegedly violated the Whistleblower obligation to pay him wages, that would certainly seem sufficient to establish venue in that county. A plaintiffs relocation around the time of filing suit should not defeat venue that was proper when the cause of action accrued.
Even if we agreed with the court’s reading of the venue provision, dismissal would still not be the remedy when the correct venue is elsewhere in this state. Rule 1.060(b) specifies that:
“When any action is filed laying venue in the wrong county, the court may transfer the action in the manner provided in rule 1.170(j) to the proper court in any county where it might have been brought in accordance with the venue statutes.”
Fla. R. Civ. P. 1.060(b) (2005). In spite of the fact that this text is a grant of authority, the word may in the foregoing rule functions like should.
“Although venue does not lie in Bro-ward, the proper remedy is to transfer the case to [the proper county].”
‘[T]he party contesting venue must demonstrate where the proper venue is. In ruling on a motion to dismiss for improper venue, if the movant successfully carries his burden, the trial court should make an affirmative finding as to the proper venue and, unless there is a compelling reason to the contrary, transfer the cause to that venue in accordance with Rule 1.060(b), F.R.C.P., rather than dismiss it.’
Merrill Lynch, Pierce, Fenner & Smith, Inc. v. National Bank of Melbourne and Trust Co., 238 So.2d 665, 667 (Fla. 4th DCA 1970).
“While Florida Rule of Civil Procedure 1.420(b) implies that dismissal may also be available in this situation, since it states that a dismissal for improper venue is not a decision on the merits, dismissal under these circumstances is disfavored.”
Carr v. Stetson, 741 So.2d 567, 569 (Fla. 4th DCA 1999). Other courts have reached the same conclusion. See McClain v. Crawford, 815 So.2d 777 (Fla. 2d DCA 2002) (even if venue were improper, transfer rather than dismissal was the proper remedy); Kinetiks.Com, Inc. v. Sweeney, 789 So.2d 1221, 1222 (Fla. 1st DCA 2001) (in ruling on motion challenging venue, the trial court should make finding as to proper venue and, unless there is a compelling reason to the contrary, transfer rather than dismiss the action); Fogarty Van Lines, Inc. v. Kelly, 443 So.2d 1070, 1072 (Fla. 2d DCA 1984) *1176 (reversing the denial of motion to dismiss for improper venue, but directing that on remand the trial court transfer the action to a proper county); Gross v. Franklin, 387 So.2d 1046 (Fla. 3d DCA 1980) (rule 1.060 authorizes court to transfer upon timely motion challenging improper venue; because transfer, not dismissal, is favored remedy for improper venue, motion to dismiss under rule governing defenses is, in effect, motion to transfer).
In this case the trial court denied transfer because plaintiff orally requested it at the hearing, rather than prior to the hearing by written application. Defendant raised the venue issue in the first place but did not argue at the hearing that it was prejudiced by the oral request. Its procedural rights to notice would not have been implicated if the court had transferred the cause to the proper venue. As Mr. Traw-ick has long since pointed out, improper venue is a plea in abatement, not a plea in bar, and should be raised by a motion to abate improper venue or to transfer venue to the county claimed to be proper. Henry P. Trawick Jr., FloRida Pkactioe & PROCeduRE § 10-3 (1999). If defendant had simply designated its motion correctly as a motion to abate or transfer, the learned trial judge might not have been led down the path of dismissal.

Reversed.

STEVENSON, C.J., and BROWN, LUCY CHERNOW, Associate Judge, concur.

. This contrasts with provisions relating to a defendant’s residence, which necessarily refer to the defendant's residence when suit is filed. See Gates v. Stucco Corp., 112 So.2d 36 (Fla. 3d DCA 1959) (rights of defendants under venue statute authorizing suit in county where defendants reside, were to be determined on basis of defendants’ residence at time of filing of suit).