# Third District Court of Appeal

**State of Florida**

Opinion filed May 13, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-985
Lower Tribunal No. 13-24934
_____

**John Michaluk, etc.,**
Appellant,

vs.

**Credorax (USA), Inc., etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

Kravitz & Co. PA, and Adam Kravitz, for appellant.

Gunster, Yoakley & Stewart and Kenneth Bell, Raymond V. Miller, Allison J. Cammack and Amy Brigham Boulris, for appellees.

Before WELLS, ROTHENBERG and EMAS, JJ.

EMAS, J.

John Michaluk d/b/a Nessport Consulting ("Michaluk") appeals an order dismissing his complaint for improper venue. We hold that the forum selection clause at issue was permissive, and therefore reverse the order of the trial court dismissing the complaint for improper venue.

## FACTS AND PROCEDURAL BACKGROUND

Credorax (Malta), Ltd. ("Credorax Malta"), a Malta company, is an acquiring bank which processes credit or debit card payments for sellers of products and services online. On November 1, 2011, Credorax Malta entered into an "Introducer Agreement" with Michaluk, a Canadian consultant, wherein it agreed to pay Michaluk a transaction fee in exchange for, inter alia, his assistance in soliciting new business and acquiring new clients.

Pursuant to paragraph 10 of the Introducer Agreement, which was titled "Governing Law and Jurisdiction," the parties agreed as follows:

> This Agreement shall be governed by and construed in accordance with the Laws of Malta and each party hereby submits to the jurisdiction of the Courts of Malta as regards any claim, dispute or matter arising out of or in connection with this Agreement, its implementation and effect.

Following a dispute over the payment of certain transaction fees, Michaluk filed a complaint in Miami-Dade County Circuit Court against Credorax Malta and Credorax USA, setting forth counts for fraud in the inducement, FDUPTA

violations, unjust enrichment, and (against Credorax Malta only) breach of contract.

Credorax Malta and Credorax USA moved to dismiss the complaint for, inter alia, improper venue, asserting that the Introducer Agreement contains a mandatory forum selection clause, and thus, the claims could be brought only in Malta. Michaluk responded that the forum selection clause is permissive and not mandatory and thus, did not prohibit the filing of the cause of action in Miami-Dade. Following a non-evidentiary hearing, the trial court ruled that the language in the forum selection clause was mandatory and not permissive, and thus, entered a final order dismissing the complaint for improper venue.[1] The parties agree that the sole issue on appeal is whether the language of the forum selection clause in the Introducer Agreement is "permissive" or "mandatory." We review this issue de novo. Espresso Disposition Corp. 1 v. Santana Sales & Mktg. Grp., Inc., 105 So. 3d 592, 594 (Fla. 3d DCA 2013).[2]

---

[1] Upon a motion for clarification filed by Michaluk as to whether the court's order applied to both Credorax Malta and Credorax USA, the court entered a separate order clarifying that the order of dismissal applied to both defendants. Michaluk appeals both orders.

[2] Importantly, the parties agreed below (and maintain on appeal) that the language of the forum selection clause is unambiguous, leaving only a legal determination of whether this unambiguous language is mandatory or permissive. In any event, there was no evidentiary hearing which might provide an evidentiary basis to resolve any purported claim of ambiguity. Even the elementary question of which party drafted the clause at issue was not submitted by the parties or determined by the trial court.

## ANALYSIS AND DISCUSSION

Our analysis begins with <u>Manrique v. Fabbri</u>, 493 So. 2d 437 (Fla. 1986), a case in which the Florida Supreme Court considered the broader issue of whether such contractual forum selection clauses were enforceable at all. The district courts were in disagreement over the enforceability of such clauses. The <u>Manrique</u> Court observed that although our court had "consistently held that contractual provisions requiring that future disputes be resolved in specified foreign jurisdictions are void as impermissible attempts to oust Florida of subject matter jurisdiction," <u>id.</u> at 438 (citing <u>Huntley v. Alejandre</u>, 139 So. 2d 911 (Fla. 3d DCA 1962)), the Fourth District Court of Appeal had held that "parties to a contract may agree to submit to the jurisdiction of a chosen forum" under certain circumstances. <u>Id.</u> (citing <u>Maritime Ltd. P'ship v. Greenman Adv. Assoc., Inc.</u>, 455 So. 2d 1121 (Fla. 4th DCA 1984)). In resolving the conflict, the Florida Supreme Court reviewed and relied upon federal decisions, including, most prominently, <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1 (1972), in which the United States Supreme Court held that such forum selection clauses are prima facie valid and should generally be enforced:

> [I]n the light of present-day commercial realities and expanding international trade we conclude that the forum clause should control absent a strong showing that it should be set aside. The correct approach [is] to enforce the forum clause specifically unless [the other party] could clearly show that enforcement would be unreasonable

4

and unjust, or that the clause was invalid for such reasons as fraud or overreaching.

Zapata, 407 U.S. at 15.

Finding that the modern trend (and rapidly-growing majority view) recognized the presumptive enforceability of forum selection clauses[3], the Florida Supreme Court adopted the view of Bremen, approved the Fourth District's decision in Maritime, and held that "forum selection clauses should be enforced in the absence of a showing that enforcement would be unreasonable or unjust." Id. at 440. However, the Manrique Court did not address whether the forum selection clause in that case was mandatory or permissive, remanding the case to the trial court for such a determination. Id.

A year later, the Court revisited the issue of mandatory vs. permissive forum selection clauses in Quinones v. Swiss Bank Corp. (Overseas), S.A., 509 So. 2d 273, 274-75 (Fla. 1987), and reaffirmed its holding in Manrique, noting:

> Permissive clauses constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum. See Citro Florida, Inc., v. Citrovale, S.A., 760 F.2d 1231, 1232 (11th Cir. 1985); Keaty v. Freeport Indonesia, Inc., 503 F.2d 955, 956-67 (5th Cir. 1974).

Since that time, the case law in this area has crystallized, and forum selection clauses are now routinely enforced. A forum selection clause will be deemed mandatory where, by its terms, suit may be filed only in the forum named

---

[3] Manrique, 493 So. 2d at 439 n. 3.

in the clause, whereas "permissive forum selection clauses are essentially a 'consent' to jurisdiction or venue in the named forum and do not exclude jurisdiction or venue in another forum." Travel Exp. Inv. Inc. v. AT&T Corp., 14 So. 3d 1224, 1226 (Fla. 5th DCA 2009) (quoting Shoppes Ltd. P'ship v. Conn, 820 So. 2d 356, 358 (Fla. 5th DCA 2002). "Generally, a forum selection clause is mandatory where the plain language used by the parties indicates 'exclusivity.'" Espresso Disposition, 105 So. 3d at 595 (citing Golden Palm Hospitality, Inc. v. Stearns Bank Nat'l Ass'n, 874 So. 2d 1231, 1236 (Fla. 5th DCA 2004)). Absent words of exclusivity, a forum selection clause will be deemed permissive. Regal Kitchens, Inc. v. O'Connor & Taylor Condo. Constr., Inc., 894 So. 2d 288, 291 (Fla. 3d DCA 2005).

For example, "[i]f the forum selection clause 'states or clearly indicates that any litigation must or shall be initiated in specified forum,'" then the clause is mandatory and must be honored by the trial court in the absence of a showing that the clause is unreasonable or unjust. AT&T Corp., 14 So. 3d at 1226 (internal quotations omitted) (holding forum selection clause was mandatory where it provided: "The parties consent to the exclusive jurisdiction of the courts located in New York City, USA." (emphasis added.)) See also World Vacation Travel, S.A. de C.V. v. Brooker, 799 So. 2d 410, 411 (Fla. 3d DCA 2001) (holding forum selection mandatory where it provided: "[B]oth parties agree and accept to be

6

subjected to the jurisdiction and competence of the Administrative Authorities and Courts of the city of Cancun, Municipality of Benito Juarez, in the State of Quintana Roo, Mexico, and the Federal Consumer Office, <u>forsaking any other jurisdiction</u> which either party may claim by virtue of its residency." (emphasis added)); <u>Bremen</u>, 407 U.S. at 2 (construing forum selection clause to be mandatory where it provided: "Any dispute arising <u>must be</u> treated before the London Court of Justice."(emphasis added)).

The diverse language used in forum selection clauses often prevents direct application of or reliance on decisions in other cases. In the instant case however, there are several cases construing nearly identical language to be a permissive, rather than mandatory, forum selection clause. For example, and as mentioned earlier, the Florida Supreme Court in <u>Quinones</u> cited with approval to <u>Keaty v. Freeport Indonesia, Inc.</u>, 503 F.2d 955 (5th Cir. 1974). In that case, the parties entered into an employment agreement containing a forum selection clause which provided:

> This agreement shall be construed and enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York.

<u>Id.</u>

When Keaty filed a breach of contract action in Louisiana, Freeport moved to dismiss, contending the forum selection clause mandated New York as the exclusive jurisdiction to maintain the action. The trial court agreed and dismissed

Keaty's action. On appeal, the fifth circuit reversed the trial court's order, holding that the forum selection clause was permissive rather than mandatory. The language at issue in this case is virtually identical to that in <u>Keaty</u>.

Other federal cases involving nearly identical language have uniformly held such clauses to be permissive, rather than mandatory. <u>See e.g.</u>, <u>Redondo Constr. Corp. v. Banco Exterior de Espana, S.A.</u>, 11 F.3d 3 (1st Cir. 1993) (following language held permissive: "Borrower and the Guarantors each hereby expressly submits to the jurisdiction of all Federal and State courts located in the State of Florida."); <u>LFR Collections LLC v. Phillip H. Taylor, M.D., J.D., P.A.</u>, 2011 WL 4736360 (M.D. Fla. 2011) (following language held permissive: "The undersigned hereby irrevocably submits to the jurisdiction of any New York State or Federal Court located in New York City, over any action or proceeding arising out of any dispute between the undersigned and the Lender."); <u>Land-Cellular Corp. v. Zokaites</u>, 2006 WL 3039964 (S.D. Fla. 2006) (following language held permissive: "The debtor irrevocably submits and consents to the jurisdiction of any court of the State of Pennsylvania located in Allegheny, and waives any and all objections to jurisdiction or venue that any such party may have under the laws of the State of Florida or otherwise in those courts in any such suit, action, or proceeding."); <u>Wai v. Rainbow Holdings</u>, 315 F.Supp. 2d 1261 (S.D. Fla. 2004) (following language held permissive: "The law for the time being in force in the Republic of Singapore

8

shall apply to this agreement. . . and parties hereby agree to submit [to] the jurisdiction of the Courts of Singapore.")(alteration in original); <u>Robatech Midwest, Inc. v. Leuthner</u>, 2015 WL 1219642 (E.D. Wis. 2015) (following language held permissive: "The parties agree that the Laws of the State of Georgia have exclusive jurisdiction over any dispute that may arise under, or in connection with, the enforcement o[r] interpretation of this Agreement. Distributor waives any objection based on inconvenience of venue and any objection to venue or forum for such claim or cause of action, and hereby submits to jurisdiction and venue in the Superior Court of Cobb County, Georgia."); <u>Beissbarth USA, Inc. v. KW Prods., Inc.</u>, 2005 WL 38741 (N.D. Ill. 2005) (following language held permissive: "Each of the parties hereto hereby irrevocably submits to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, or the Illinois State Court in Cook County for any action, suit or proceeding arising out of or in connection with the transactions contemplated by the Agreement.").

Other Florida district courts have considered forum selection clauses with language similar to that used in the clause at issue, and have concluded that the forum selection clause was permissive. In <u>Shoppes Limited Partnership v. Conn</u>, 829 So. 2d 356 (Fla. 5th DCA 2002), the court determined the following language to be permissive:

> This instrument shall be construed in accordance with the laws of Massachusetts. The Guarantor hereby consents to the jurisdiction of the state and federal courts of the Commonwealth of Massachusetts.

The court explained that because the clause lacked words of exclusivity, it was "a classic permissive forum selection clause doing nothing more than consenting to jurisdiction in Massachusetts but not excluding jurisdiction in another forum." Id. at 358.

In Regal Kitchens, 894 So. 2d at 291, this court found the following language to be permissive:

> Any litigation concerning this contract shall be governed by the law of the State of Florida, with proper venue in Palm Beach County.

Specifically, we held that "although the venue clause unequivocally states that Florida law shall apply to any litigation of the subcontract, it lacks mandatory language or words of exclusivity to show that venue is proper only in Palm Beach County." Id.

By contrast, Florida and federal cases analyzing clauses with similar language as the instant clause—but containing additional words of exclusivity—have been deemed mandatory. See e.g., Copacabana Records, Inc. v. WEA Latina, Inc., 791 So. 2d 1179 (Fla. 3d DCA 2001) (providing in pertinent part: "This agreement. . . shall be governed by the laws of the State of New York. . . . Copacabana agrees to submit to the jurisdiction of the Federal or State courts in New York City in any action which may arise out of this agreement and said courts

10

shall have exclusive jurisdiction over all disputes between WEA Latina and Copacabana pertaining to this Agreement. . . ." (emphasis added)); Agile Assur. Group, Ltd. v. Palmer, 147 So. 3d 1017 (Fla. 2d DCA 2014) (providing in pertinent part: "Any legal suit, action, claim, proceeding[,] or investigation arising out of or relating to this Agreement may be instituted exclusively in the courts of Makati City and Employee waives any objections which he may now or hereafter have to such venue of any such suit ... and irrevocably submits to the personal and subject matter jurisdiction of any such court." (emphasis added)); Ware Else, Inc., v. Ofstein, 856 So. 2d 1079 (Fla. 5th DCA 2003) (providing in pertinent part: "This agreement is accepted and entered into in Missouri and any question regarding its validity, construction, enforcement, or performance shall be governed by Missouri law. Any legal proceeding arising from or in any way regarding this Agreement shall have its venue located exclusively in the Circuit Court of St. Louis County, Missouri, and the parties hereby expressly consent and submit themselves to the personal jurisdiction and venue of the court." (emphasis added)); Coffee Bean Trading-Roasting, LLC v. Coffee Holding, Inc., 510 F. Supp. 2d 1075, 1077 (S.D. Fla. 2007) (providing in pertinent part: "This Agreement shall be governed by and construed in accordance with the law of the State of Delaware. . . . [T]he parties hereby (i) submit to the jurisdiction of the state and federal courts located in the State of Delaware for purposes of any legal action or proceeding

brought under or in connection with this Agreement, (ii) agree that <u>exclusive venue of any such action</u> or proceeding may be laid in the State of Delaware and (iii) waive any claim that the same is an inconvenient forum." (emphasis added)).

Credorax relies principally upon the decisions in <u>Golf Scoring Sys. Unlimited, Inc. v. Remedio</u>, 877 So. 2d 827 (Fla. 4th DCA 2004), <u>Celistics, LLC v. Gonzalez</u>, 22 So. 3d 824 (Fla. 3d DCA 2009), and <u>Sonus-USA v. Thomas W. Lyons, Inc.</u>, 966 So. 2d 992 (Fla. 5th DCA 2007) to support its position that the forum selection clause in the instant case is mandatory. However, those cases are distinguishable.

In <u>Golf Scoring</u>, the Fourth District found the following language in a forum selection clause mandatory:

> This Agreement and the rights and obligations of the parties shall be governed by and construed in accordance with the laws of the State of Florida. The parties hereto consent to Broward County, Florida as *the* proper venue for all actions that may be brought pursuant hereto.

877 So. 2d at 828 (emphasis added.) The appellate court determined that the use of the word "the" before the words "proper venue" reflected an agreement by the parties that Broward County was the *only* proper venue, to the exclusion of all others. Our court agreed with this analysis in distinguishing the clause in <u>Golf Scoring</u> from that addressed in <u>Regal Kitchens</u>, 894 So. 2d at 291 (providing that "[a]ny litigation concerning this contract shall be governed by the law of the State of Florida, with proper venue in Palm Beach County"). The forum selection

12

clause in the instant case fails to contain the necessary language of exclusivity found in Golf Scoring, instead referring to the Courts of Malta in non-exclusive terms, compelling a conclusion that Malta is *a* proper jurisdiction, rather than *the only* proper jurisdiction.

In Celistics, the forum selection clause provided:

> In the event of any doubt, question or conflict which may arise from the interpretation or implementation of this agreement, <u>the parties agree to select the venue and jurisdiction</u> of the Courts and Tribunals of the city of Madrid.

Celistics, LLC, 22 So. 3d at 825 (emphasis added).

Although we noted that the clause did not contain the "'magic words' 'shall' or must,'" the parties nevertheless employed language of exclusivity by use of the phrase "agree to select the venue and jurisdiction of. . . ." We held that, by using such language, the parties "agreed that if there was any litigation stemming from the 'interpretation or implementation' of the Agreement, it would take place in Madrid, to the exclusion of all other possible venues." Id. at 826. Such language of exclusivity is not present in the instant forum selection clause, and cannot be read to reflect an agreement by the parties that Malta would serve as the exclusive forum for resolving disputes under the Agreement.

Finally, Credorax posits that the use of the words "submits to the jurisdiction" is different in kind from "consents to the jurisdiction" and provides the language of exclusivity necessary to render the clause mandatory. Credorax

13

relies upon Sonus, 966 So. 2d at 993, for this proposition. In Sonus, the forum selection clause provided:

> Any controversy relating to this agreement or any modification or extension of it and any proceeding relating thereto shall be held in Minneapolis, Minnesota. The parties hereby submit to jurisdiction for any enforcement of this agreement in Minnesota.

Id.

However, in concluding that the clause at issue in that case was mandatory, the Sonus court did not rely primarily upon the distinction between "submit to" and "consent to." As the court explained:

> [T]he language of the initial sentence of the provision unquestionably says that contractual disputes "shall" be held in Minnesota. This is the specific language that makes jurisdiction in Minnesota mandatory. The following sentence in the provision only serves to confirm that when suit is brought in Minnesota, there will not be a fight about whether the opposing party is required to defend there.

Id. at 993-94 (emphasis supplied).

While we acknowledge that the language "submits to the jurisdiction" may in some circumstances be construed differently than the term "consents to the jurisdiction," courts must consider the entire language of the forum selection clause (and other relevant portions of the agreement) in determining whether it is permissive or mandatory. In the instant case, the use of the word "submit" instead of "consent", does not by itself provide the requisite words of exclusivity to render this forum selection clause mandatory.

In <u>Cardoso v. FPB Bank</u>, 879 So. 2d 1247, 1249 (Fla. 3d DCA 2004), this court construed a forum selection clause which provided in pertinent part:

> Any legal action. . . with respect to this Agreement. . . <u>may be brought</u> in the courts of Antigua, and/or in the Courts of the city of Sao Paulo, state of Sao Paulo, Federative Republic of Brazil, at the sole option of the Lender, and the Borrower and Guarantor hereby accept and <u>irrevocably submit to the jurisdiction of</u> such courts for the purpose of any such action or proceeding.

<u>Id.</u> at 1249 (emphasis added).

The phrase "irrevocably submit to the jurisdiction," juxtaposed with the earlier phrase "may be brought in courts of. . . ", undermines any assertion that the forum selection clause is mandatory in nature. We held in <u>Cardoso</u> that an "ordinary and customary reading of the clause in question leads to the inescapable conclusion that the forum selection clause . . . is permissive, not mandatory." <u>Id.</u> Notwithstanding the use of the phrase "irrevocably submit to the jurisdiction," we determined that, read as a whole, the forum selection clause was merely a "consent to a lawsuit in the locations(s) mentioned therein, but does not preclude litigation in other locations." <u>Id.</u> <u>See also</u> <u>Keaty</u>, 503 F.2d at 956 (holding forum selection clause permissive although it provided that "the parties submit to the jurisdiction of the courts of New York"); <u>Renfroe & Sons, Inc. v. Renfroe Japan Co.</u>, 515 F.Supp. 2d 1258 (M.D. Fla. 2007) (holding that, in the absence of some jurisdictional language of exclusivity, phrases "submit to jurisdiction" and "consent to jurisdiction" are each construed merely to be a consent to jurisdiction). <u>Compare</u>

Weisser v. PNC Bank, N.A., 967 So. 2d 327 (Fla. 3d DCA 2007) (holding forum selection clause mandatory notwithstanding use of phrase "consent to jurisdiction", where the remainder of the clause provided words of exclusivity: "The parties further consent to the _exclusive_ jurisdiction of either the United States District Court for the District of Kansas or the District Court of Johnson County, Kansas, for the judicial resolution of any disputes. . . . ") (emphasis added).

**CONCLUSION**

Having reviewed the entire forum selection clause, together with the other provisions of the Agreement, we conclude that the clause is permissive, as it lacked mandatory language or words of exclusivity to establish that jurisdiction was proper only in the courts of Malta. The trial court erred in concluding that the forum selection clause was mandatory and in dismissing the complaint on this basis.

We reverse the order dismissing the complaint and remand for proceedings consistent with this opinion.