CIKLIN, C.J.
R.S.B. Ventures, Inc., a Florida Corporation, Nasser Mizrahi, and Dr. Veronica R. Motiram-Mizrahi (collectively, “Ventures”) appeal an order dismissing a professional negligence claim for' improper venue with a suggested option to-permit refiling the action in Miami-Dade County. We affirm.
Florida Community Bank and Ventures entered into a real estate loan agreement in the approximate amount of $9.7 million. Subsequently, the Federal Deposit Insurance Corporation (“FDIC”) was approved as receiver for the loan after the bank closed. The FDIC demanded full re-payment. Ventures retained Jeffrey Berlow-itz, Esq., and Siegfried, Rivera, Hyman, Lerner, De La Torre, Mars & Sobel, P.A. (collectively, “Berlowitz”) as counsel and entered into an “Engagement Agreement” that contained a forum selection clause in the event of litigation arising out of Ber-lowitz’s services. On behalf of Ventures, Berlowitz then filed suit in Broward County to rescind the $9.7 million loan transaction and requesting that Ventures be released from the loan obligation. The FDIC counterclaimed for foreclosure, and ultimately prevailed.
In the proceedings below, Ventures filed a professional negligence suit claiming that Berlowitz was negligent in failing to realize that initiating proceedings against the FDIC would result in the foreclosure counterclaim. The malpractice suit was brought in Broward County where Ventures claimed proper jurisdiction because the alleged tort occurred there.
Berlowitz filed a motion to dismiss for improper venue arguing that the forum selection clause contained in the Engagement Agreement stipulated that “[t]he venue for the resolution of any disputes concerning this agreement shall be in Miami-Dade County, Florida.” The circuit court found the forum selection clause to be binding and granted the motion to dismiss for improper venue with the option to ré-file in Miami-Dade County.
Ventures appeals the order of dismissal. Because we find the forum selection clause to be mandatory and therefore presumed valid over statutorily designated venues, we affirm the trial court’s dismissal.
Because “an appellate court reviews the interpretation of a contractual forum selection provision as a matter of law,” this case is reviewed de novo. Am. Boxing & Athletic Ass’n, Inc. v. Young, 911 So.2d 862, 864 (Fla. 2d DCA 2005).
A mandatory forum selection clause requires that litigation be brought in a particular forum while a permissive forum selection clause merely represents consent to jurisdiction. Garcia Granados Quinones v. Swiss Bank Corp. (Overseas), S.A., 509 So.2d 273, 274-75 (Fla.1987) (quoting Swarovski N. Am., Ltd. v. House of China, Crystal & Silver, Inc., 848 So.2d 452, 453 (Fla. 4th DCA 2003)). A manda *721 tory forum selection clause is identified by “exclusive” language and “must be honored by the trial court in the absence of a showing that the clause is unreasonable or unjust.” Michaluk v. Credorax (USA), Inc., 164 So.3d 719, 722-23 (Fla. 3d DCA 2015) (citation omitted).
The subject venue provision of the Engagement Agreement provides:
The venue for the resolution of any disputes concerning this agreement shall be in Miami-Dade County, Florida, with the prevailing party entitled to recover a reasonable attorney’s fee and costs at all trial and appellate levels. It is expressly understood and agreed that the parties hereto waive the right to a trial by jury of any dispute arising out of this agreement.
The word “shall” indicates exclusivity consistent with mandatory forum selection clauses. Moreover, this court has recognized that a forum selection clause using “the” to modify “venue” (“the venue”) indicates exclusivity consistent with mandatory forum selection clauses because the modification refers “to only one, to the exclusion of all others.” Golf Scoring Sys. Unlimited, Inc. v. Remedio, 877 So.2d 827, 829 (Fla. 4th DCA 2004).
As such, we find the forum selection clause at issue is mandatory.
To evade enforcement of a mandatory forum selection clause, the contractually agreed upon venue must be “unreasonable or unjust.” Farmers Grp., Inc. v. Madio & Co., 869 So.2d 581, 582 (Fla. 4th DCA 2004) (citation omitted). This court has clarified that it is not enough to merely “show that litigation in [another forum] would result in additional expense or inconvenience.” Id. at 583. Re-filing this matter in Miami-Dade is neither unreasonable nor unjust.

Affirmed.

LEVINE and FORST, JJ., concur.