Gross, J.
We reverse an order dismissing this case for an improper choice of venue and remand for the entry of an order transferring the case to the proper county.
The parties here entered into an operating agreement for JEM Palm Beach, LLC to operate a gym in Palm Beach County. Three years later, Cynthia Russomano filed a- lawsuit against appellees Joseph Maresca and JEM Palm Beach arising out of the operating agreement. The operating agreement was attached to the complaint as an exhibit.
The trial court dismissed the case upon the appellees’ motion for change of venue, pursuant to the “Jurisdiction and Venue” provision of the agreement.
The agreement acknowledged ■ that its performance and execution would occur in Palm Beach County. Nonetheless, the venue provision stated;
Any civil action or legal proceeding arising out of or relating to this Agreement shall be brought in Lee County or the United States District Court, Southern District of Florida, Each party consents to jurisdiction of such court in any civil action or legal proceeding and waives any objection to the laying of venue of any civil action or legal proceeding in such court.
The agreement’s choice of Lee County is unambiguous. If a forum selection clause “ ‘state[s] or clearly indicated] that any litigation must or shall be initiated'in a specified forum,’ then it is mandatory.” Sonus-USA, Inc. v. Thomas W. Lyons, Inc., 966 So.2d 992, 993 (Fla. 5th DCA 2007) (quoting Shoppes L.P. v. Conn, 829 So.2d 356, 358 (Fla. 5th DCA 2002)). Russomano did not make a showing that enforcement of the forum selection clause would be unjust or unreasonable. See Espresso Disposition Corp. 1 v. Santana Sales & Mktg. Grp., Inc., 105 So.3d 592, 594-95 (Fla. 3d DCA 2013). Thus, the trial court did not err in enforcing the choice of venue provision of the operating agreement. Any claim for reformation, of the choice of venue provision due to mutual mistake must be pursued in Lee County.
The trial court erred in dismissing the case instead of transferring it to Lee County. We reject appellees’ contention that Golf Scoring Systems Unlimited, Inc. v. Remedio, 877 So.2d 827 (Fla. 4th DCA 2004), created a . rule of dismissal, rather than transfer.
Florida Rule of Civil Procedure 1.060(b) provides that “[w]hen any action is filed laying venue in the wrong county, the court may transfer the action ... to the proper court in any county where it might have been brought in accordance with the venue statutes,” Even though the wording of the rule “is a grant of authority, the word may in the foregoing rule functions *1271 like should.” Chase v. Jowdy Indus., Inc., 913 So.2d 1173, 1175 (Fla. 4th DCA 2005) (emphasis in original).
Golf Scoring did not evaluate the merits of dismissal versus transfer as the remedy for filing suit in the wrong venue. That ease involved a forum selection clause providing that Broward County was “the proper venue.” 877 So.2d at 828. The plaintiff brought suit in Martin County. Id. The defendant moved to dismiss based on the forum selection clause. Id. The trial court denied the motion, finding the clause permissive. Id. On appeal, this court ruled the forum selection clause “clearly indicated] that it [wa]s mandatory in nature.” Id. at 829. As such, Broward County was “the exclusive and mandatory forum in the case at bar.” Id. Without any discussion, this court reversed and remanded for dismissal, not transfer. Id There is nothing in Golf Scoring to suggest that the notion of a transfer to Broward County was ever presented to the trial court or to this court'. Because the transfer/dismissal issue was not a litigated issue in the case, Golf Scoring does not stand for the proposition that dismissal is the proper remedy in all cases filed in the wrong venue.
The widely accepted practice in Florida courts, including the Florida Supreme Court, is that where venue is improper, the case should be transferred, not dismissed. See Bush v. State, 945 So.2d 1207, 1214 (Fla. 2006) (recognizing that rule 1.060(b) “gives a court authority to transfer a case when improper venue is sought; and transfer, rather than dismissal, is the preferred remedy in such a case.”); Fla. Gamco, Inc. v. Fontaine, 68 So.3d 923, 928 (Fla. 4th DCA 2011) (explaining “the court should, if possible, transfer the case to the correct venue ... rather than dismiss it.”); East Coast Karate Studios, Inc. v. Lifestyle Martial Arts, LLC, 65 So.3d 1127 (Fla. 4th DCA 2011) (reversing and remanding for transfer to the proper venue); Chase, 913 So.2d at 1176 (holding that transfer was proper remedy for improper venue, even though the issue of transfer was not raised until the motion hearing in circuit court); Carr v. Stetson, 741 So.2d 567, 569 (Fla. 4th DCA 1999) (reversing the order of dismissal for improper venue and remanding for the trial court to transfer the case to a proper venue because dismissal is disfavored); McClain v. Crawford, 815 So.2d 777, 778 (Fla. 2d DCA 2002) (holding that “even if venue was improper, the case should have been transferred, not dismissed.”); Gross v. Franklin, 387 So.2d 1046, 1049 (Fla. 3d DCA 1980) (explaining that a rule 1.140 motion to. dismiss for improper venue “is, in. effect, a motion to transfer.”).

We affirm, in part, reverse in part, and remand to the circuit court for the entry of an order transferring the case to Lee County.

Conner and Kuntz, JJ., concur.