DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WCI COMMUNITIES, LLC,**
Appellant,

v.

**CHRISTINE SHERIDAN, ACTION ROOFING SERVICES, INC., SPECIALTY ENGINEERING CONSULTANTS, ENGINEERED AIR, LLC., PROGRESSIVE PLASTERING, INC., DOUGLAS A. ZARGHAM** and **MELANIE SINCLAIR ZARGHAM** d/b/a **ZARGHAM & SINCLAIR ARCHITECTURE,**
Appellees.

No. 4D17-2963

[ April 18, 2018 ]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. CACE 17-006667 (05).

Rosemary Wilder of Marlow, Adler, Abrams, Newman & Lewis, Coral Gables, for appellant.

Robert Rivas of Sachs Sax Caplan, P.L., Tallahassee, for Appellee Christine Sheridan.

PER CURIAM.

WCI Communities, LLC ("WCI") appeals a Broward County order denying its motion to dismiss or transfer the underlying action for improper venue. Because we find the Collier County venue clause in the parties' contract to be mandatory, we reverse.

Christine Sheridan ("Sheridan") entered a contract with WCI for the purchase of a newly-constructed single-family home. The contract contained a venue clause stating that the venue for any contractual disputes would be Collier County, Florida.

When Sheridan filed a breach of contract action against WCI in Broward County, WCI moved to transfer or dismiss the complaint based on the venue clause. The circuit court denied WCI's motion, ruling that, "the

venue clause lacked exclusivity," and "the clause is permissive, and not mandatory." WCI appeals, contending that the clause is mandatory.

"Because an appellate court reviews the interpretation of a contractual forum selection provision as a matter of law, this case is reviewed de novo." *R.S.B. Ventures, Inc. v. Berlowitz*, 201 So. 3d 719, 720 (Fla. 4th DCA 2016). A permissive forum selection clause merely represents consent to jurisdiction. *Id.* However, a mandatory forum selection clause contains exclusive language and requires that litigation be brought in a particular forum. *Id.* at 720-721.

Here, the parties' contract provided:

> VENUE: Purchaser and Seller agree that the venue for resolution of any dispute regarding this Contract lies within Collier County, Florida.

(emphasis supplied). We have previously held that such language renders a forum selection clause mandatory. *See, e.g., Golf Scoring Sys. Unlimited, Inc. v. Remedio*, 877 So. 2d 827 (Fla. 4th DCA 2004) (holding that a forum selection clause providing that Broward County was "the proper venue for all actions that may be brought pursuant to [this Agreement]" made Broward County the exclusive and mandatory forum in that case) (emphasis supplied).

Appellee Sheridan contends that *Golf Scoring* is distinguishable from the instant case. Sheridan argues that in *Golf Scoring*, we determined the forum selection clause was mandatory because the word "proper" appeared before "venue."

However, we did not focus on the word "proper" in reaching our decision. Instead, we focused on "the," in relation to the word, "venue." *Golf Scoring*, 877 So. 2d at 829. Specifically, we concluded that the use of the definite article "the," when conjoined with the noun "venue," exclusively limits a forum selection clause to only one venue, "to the exclusion of all others." *Id.* Our subsequent discussion in *R.S.B.* also supports this conclusion:

> [T]his court has recognized that a forum selection clause using "the" to modify "venue" ("the venue") indicates exclusivity consistent with mandatory forum selection clauses because the modification refers "to only one, to the exclusion of all others."

2

201 So. 3d at 721 (citing and quoting *Golf Scoring*, 877 So. 2d at 829) (emphasis supplied).

Accordingly, we reverse and remand the case for the circuit court to either dismiss or transfer the action to Collier County.

*Reversed and Remanded.*

GERBER, C.J., TAYLOR and KLINGENSMITH, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***