# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2184
_____

SIGNTRONIX, INC., A CALIFORNIA
CORPORATION,

    Appellant,

    v.

ANNABELLE'S INTERIORS, INC., A
FLORIDA CORPORATION,

    Appellee.

_____

On appeal from the Circuit Court for Clay County.
Gary L. Wilkinson, Judge.

December 31, 2018

PER CURIAM.

Signtronix, Inc., a California corporation, appeals an order denying a motion to dismiss for improper venue and lack of jurisdiction. We reverse.

After Annabelle's Interiors, Inc. sued Signtronix in Florida, related to its purchase of goods, Signtronix moved to dismiss the case under the venue provision of the parties' sales agreement, which reads:

The parties expressly consent and submit to the jurisdiction of the Courts of the State of California and

agree the proper forum and venue for any and all suits, actions or other proceedings arising out of this agreement are the State or Federal Courts located in Los Angeles County, California, and the parties expressly waive any objection to venue in such Court.

"[O]rders concerning venue [fall] within the limited class of nonfinal orders that are subject to review by appeal before the final judgment." *Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc.*, 743 So. 2d 627, 630 (Fla. 1st DCA 1999); Fla. R. App. P. 9.130(a)(3)(A). We review *de novo* the trial court's denial of Signtronix's motion to dismiss. *Mgmt. Computer Controls, Inc., 743 So. 2d at 630.*

Parties to a contract are free to establish venue in a particular forum in the event of a contract dispute. *See Baker v. Econ. Research Servs., Inc.*, 242 So. 3d 450 (Fla. 1st DCA 2018). Venue selection clauses are considered mandatory where the plain language of the contract indicates exclusivity. *Michaluk v. Credorax (USA), Inc.*, 164 So. 3d 719, 722 (Fla. 3d DCA 2015). But in the absence of words of exclusivity, a venue clause is deemed to be permissive. *Id.* In this case, Annabelle's Interiors argues, and the trial court agreed, that the venue provision in the contract was permissive because it was preceded by the following sentence: "At the option of Signtronix, this agreement may be governed by the laws of the State of California." Through the lens of this sentence, Annabelle's Interiors argues that its case could have been brought in California, but that Signtronix cannot require it. *See Garcia Granados Quinones v. Swiss Bank Corp. (Overseas), S.A.*, 509 So. 2d 273, 274-75 (Fla. 1987) (recognizing permissive clauses to be nothing more than a consent to jurisdiction and venue, without excluding jurisdiction or venue in any other forum).

We disagree with Annabelle's Interiors's reading of the contract. The agreement's venue term provides for the exclusivity California courts on its face, stating: "the *proper* forum and venue *for any and all* suits, actions or other proceedings arising out of this agreement are the State or Federal Courts located in Los Angeles County, California, and the parties *expressly waive any objection to venue in such Court*." (Emphasis added.) We see no ambiguity here. Annabelle's Interiors has agreed that the "proper"

2

venue is in California and has waived any objection. *See Golf Scoring Sys. Unlimited, Inc. v. Remedio*, 877 So. 2d 827, 829 (Fla. 4th DCA 2004) (holding that the phrase "the proper venue" was limiting language that effectively excluded all others).

We haven't missed Annabelle's Interiors's view and argument that the choice of law provision overrides these venue terms. But the contract's choice of law and venue provisions are different and distinct terms. For there to be differences between them is not unusual. *See, e.g., Corp. Creative Enter., LLC v. Brian R. Fons Attorney at Law P.C.*, 225 So. 3d 296, 298 (Fla. 4th DCA 2017) (affirming an agreement's provision applying Illinois law in Florida's courts); *SAI Ins. Agency, Inc. v. Applied Sys., Inc.*, 858 So. 3d 401 (Fla. 1st DCA 2003) (upholding an Illinois venue as to a claim brought under Florida's Deceptive and Unfair Trade Practices Act). An optional choice of law provision in a contract does not render permissive an explicitly mandatory venue provision. We therefore reverse and remand for dismissal.

REVERSED and REMANDED.

B.L. THOMAS, C.J., and ROBERTS and OSTERHAUS, JJ., concur.

————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

————————————————

Stacey S. Fisher and Steven Sprechman of Sprechman and Fisher, P.A., Miami, for Appellant.

Robert Aguilar of Aguilar & Sieron, P.A., Orange Park, for Appellee.