# Third District Court of Appeal

## State of Florida

Opinion filed August 9, 2023.

_____

No. 3D21-1560
Lower Tribunal No. 20-21229
_____

**Mary Ann James de Holguin,**
Appellant,

vs.

**Camila Holguin Godin, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Samantha Ruiz Cohen, Judge.

Holland & Knight LLP, and Rebecca M. Plasencia, Adolfo E. Jimenez, Katharine Menendez de la Cuesta and Joshua R. Levenson, for appellant.

Shutts & Bowen LLP, and Jamie B. Wasserman (Fort Lauderdale); Shutts & Bowen LLP, Steven M. Ebner and Julissa Rodriguez, for appellees.


Before HENDON, MILLER and GORDO, JJ.

GORDO, J.

## ON MOTION FOR REHEARING AND REHEARING EN BANC

We deny Mary Ann James De Holguin's motion for rehearing but withdraw our prior opinion and substitute the following opinion in its stead.

## INTRODUCTION

Mary Ann James de Holguin, the decedent's wife, (the "Wife") appeals an order dismissing her amended complaint against the decedent's daughter Camila Holguin Godin (the "Daughter"), as an individual and representative of the estate of Rodrigo Holguin Lourido (the "Decedent"), and Majaroho LLC ("Majaroho"), for forum non conveniens. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(viii). Finding no abuse of discretion in the trial court's finding that Colombia was an adequate forum on counts two, three and five of the complaint, we affirm. As to counts one, four and six of the complaint, however, we reverse and remand to the trial court to make an independent determination as to whether Colombia is an adequate forum.

## FACTUAL AND PROCEDURAL BACKGROUND

The Wife and the Decedent were in a long-term marriage and remained married until his death on December 29, 2019. The Decedent had three children from a prior marriage, including the Daughter. The couple were residents of Colombia who lived on their property in Florida for a few months of the year. During the course of the marriage the Wife and

2

Decedent entered into multiple agreements regarding the dispensation of their property, including a "Memorandum of Understanding" ("MOU"). The MOU, which is written in Spanish, was signed and executed at the office of Holland & Knight in Bogota, Colombia on October 7, 2019. The MOU deals primarily with the couple's Colombian assets and unequivocally mandates its terms are governed by Colombian law.

In June 2020, the Daughter commenced a probate proceeding in Miami-Dade. The Daughter's petition noted there was already ongoing probate proceedings in Colombia. The Wife filed objections to the Florida proceedings. Five months later, the Wife filed the instant independent creditor action, raising claims against the Daughter and Majaroho relating to the MOU. [1] The Daughter and Majaroho moved to dismiss for forum non conveniens arguing Colombia was the more appropriate forum and the ongoing probate case in Colombia centered on many of the same issues raised by the pleadings filed in this action.

---

[1] We affirm the trial court's finding that the Daughter, as an individual, and Majaroho were not proper parties to the action because they were non-parties to the MOU. See CH2M Hill Se., Inc. v. Pinellas Cnty., 598 So. 2d 85, 89 (Fla. 2d DCA 1992) ("It remains the rule in Florida that ordinarily a contract cannot bind one who is not a party thereto or has not in some fashion agreed to accept its terms.").

The trial court held a hearing and—after applying the factors set forth in Kinney Sys., Inc. v. Cont'l Ins. Co., 674 So. 2d 86, 94 (Fla. 1996)—granted the motion to dismiss finding that Colombia was the appropriate forum for these claims and dismissal was warranted under forum non conveniens. [2] This appeal followed.

**LEGAL ANALYSIS**

A trial court's decision to grant or deny a motion to dismiss based on forum non conveniens grounds is "subject to review for abuse of discretion." Kinney, 674 So. 2d at 94. "[T]he trial judge's findings of fact are clothed with a presumption of correctness on appeal, and these findings will not be disturbed unless the appellant can demonstrate that they are clearly erroneous." Universal Beverages Holdings, Inc. v. Merkin, 902 So. 2d 288, 290 (Fla. 3d DCA 2005).

In Kinney, the Florida Supreme Court set forth the four-step test to address forum non conveniens challenges. See Kinney, 674 So. 2d at 90

---

[2] The trial court dismissed the Wife's claims for specific performance, temporary injunction and constructive trust based on the probate court's finding that the Casa del Mar property was a probate asset. Based on this Court's decision in de Holguin v. Godin, 359 So. 3d 1254, 1255 (Fla. 3d DCA 2023), that finding has been remanded for further proceedings. We make no determination as to whether the Casa del Mar property is a probate asset here. We do, however, find the trial court's dismissal of these counts was improvidently entered. We therefore remand these counts for the trial court to determine whether Colombia is an adequate forum.

4

(citing <u>Pain v. United Techs. Corp.</u>, 637 F.2d 775, 784–85 (D.C. Cir. 1980)).

This test was later codified in Florida Rule of Civil Procedure 1.061(a).[3]  The

burden of persuasion for each factor is on the moving party.  <u>See</u> <u>Cardoso</u>

<u>v. FPB Bank</u>, 879 So. 2d 1247, 1250 (Fla. 3d DCA 2004).

Here, the trial court properly addressed all four <u>Kinney</u> factors, and we

find no abuse of discretion in the trial court's determination that the Daughter

and Majaroho provided sufficient competent, substantial evidence to show

that Colombia was an adequate alternative forum for counts two, three and

---

[3] Florida Rule of Civil Procedure 1.061(a) provides:

> (a) Grounds for Dismissal. An action may be dismissed on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida when:
> (1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;
> (2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;
> (3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
> (4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.  The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion.

five.  See <u>Abeid-Saba v. Carnival Corp.</u>, 184 So. 3d 593, 600 (Fla. 3d DCA 2016) ("An alternative forum is adequate if it provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries." (quoting <u>King v. Cessna Aircraft Co.</u>, 562 F.3d 1374, 1382 (11th Cir. 2009)); <u>GLF Constr. Corp. v. Credinform Int'l, S.A.</u>, 225 So. 3d 377, 381 (Fla. 3d DCA 2017) (finding no abuse of discretion where "review of the record, including the transcript of the hearing, establishes that the trial court conducted a proper, adequate analysis" of the <u>Kinney</u> factors).

Affirmed in part, reversed in part and remanded.