# Third District Court of Appeal

## State of Florida

Opinion filed February 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1640
Lower Tribunal No. 15-29723
_____

**Quick Cash, LLC, etc.,**
Appellant,

vs.

**Tradenet Enterprise Inc., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Wasson & Associates, Chartered, and Annabel C. Majewski; Jay B. Weiss, P.A., and Jay B. Weiss, for appellant.

The Barthet Firm, and John C. Hanson, II, for appellee.

Before WELLS, ROTHENBERG, and LAGOA, JJ.

ROTHENBERG, J.

Quick Cash, LLC ("Quick Cash") appeals a final order granting Tradenet Enterprise Inc.'s ("Tradenet") motion to dismiss Quick Cash's complaint for lack of jurisdiction and improper venue. The trial court's decision was based on its interpretation of a forum selection clause in the parties contract, which we review de novo. Celistics, LLC v. Gonzalez, 22 So. 3d 824, 825 (Fla. 3d DCA 2009). The clause at issue is as follows:

> **This purchase order shall be deemed entered into and performed in the State of California and Buyer consents to the jurisdiction of the State of California for purposes of enforcement of the terms hereof.** Buyer agrees to the above General Terms including but not limited to terms relating to interest on late payments, conditional terms, attorneys fees and jurisdiction for enforcement.

(Emphasis added). The issue in this case is whether the bolded portion of the above forum selection clause reflects that the parties agreed to mandatory jurisdiction and venue in California.

Parties to a contract may agree in writing to resolve all future disputes arising out of the contract in a specific forum. Weisser v. PNC Bank, N.A., 967 So. 2d 327, 330 (Fla. 3d DCA 2007). Such forum selection clauses are either permissive or mandatory. DVDPlay, Inc. v. DVD 123 LLC, 930 So. 2d 816, 818 (Fla. 3d DCA 2006) (stating that the contract's mandatory clause "requires that a particular forum be the exclusive jurisdiction for litigation concerning the contract"); Regal Kitchens, Inc. v. O'Connor & Taylor Condo. Constr., Inc., 894

2

So. 2d 288, 291 (Fla. 3d DCA 2005) (stating that permissive clauses "do not exclude jurisdiction or venue in any other forum").

The determination as to whether a term or clause is mandatory or permissive does not depend on the inclusion or exclusion of specific "magic words." Golf Scoring Sys. Unlimited, Inc. v. Remedio, 877 So. 2d 827, 829 (Fla. 4th DCA 2004) (holding that although the forum selection clause did not contain the words "must" or "shall," the clause was nevertheless mandatory because it limited the appropriate forum to only one option, to the exclusion of all others). Instead, the test is whether, when read as a whole, the forum selection clause indicates that the parties intended to try a case in the specified forum and to the exclusion of all others. Celistics, 22 So. 3d at 826 (holding that a forum selection clause which reads that "the parties agree to select the venue and jurisdiction of the Courts and Tribunals of the city of Madrid" was mandatory based on the definitions of the words "agree" and "select"); Weisser, 967 So. 2d at 331-32 (holding that a forum selection clause was mandatory because it contained "words of exclusivity").

The forum selection clause in the instant case contains "words of exclusivity." The inclusion of the phrase "**shall be deemed entered into and performed in the State of California . . . for purposes of enforcement of the terms hereof**" indicates that the parties intended for California to be the sole venue for the enforcement of the terms of the purchase order. The phrase "consents

3

to the jurisdiction of the State of California," must be read together with the adjoining words of exclusivity. Were this case to proceed in Florida, the words of exclusivity in the clause would be rendered meaningless. World Vacation Travel, S.A., de C.V. v. Brooker, 799 So. 2d 410, 412 (Fla. 3d DCA 2001) (stating that to interpret the forum selection clause in that case as permissive would render certain portions of the clause "utterly meaningless," in violation of Florida's principles of contract interpretation).

We therefore, conclude that the parties clearly intended for any judicial action, which may be necessary to enforce the terms of the purchase order, be had exclusively in California. Because we find that the forum selection clause is mandatory in nature, we affirm the trial court's order dismissing the case for lack of jurisdiction and improper venue.[1]

Affirmed.

---

[1] We find that Quick Cash's remaining arguments are without merit, and we therefore decline to discuss them further.