DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**H. GREGORY 1, INC.** d/b/a **HGREG.COM** and/or d/b/a **GREG.COM,**
Appellant,

v.

**DAVID COOK,**
Appellee.

No. 4D17-929

[ July 26, 2017 ]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia Wood, Judge; L.T. Case No. 16-12008.

Mark Atlas and Ryan Mosher of Litchfield Cavo, LLP, Fort Lauderdale, for appellant.

No brief filed on behalf of appellee.

MAY, J.

The defendant appeals an order denying its motion to transfer venue. It argues the sales order agreement contained a mandatory venue clause, requiring the action against it to be brought in Miami-Dade County. We agree and reverse and remand.

The buyer of a used car sued the dealer for violation of the Florida Unfair and Deceptive Trade Practices Act, alleging the dealer in Broward County improperly charged a service fee without the required disclosure. The dealer moved to stay proceedings and compel arbitration, and separately moved to stay proceedings. The trial court denied the motion to stay. The dealer then moved for reconsideration, or in the alternative, to transfer venue. The dealer relied on the following provision of the sales order agreement:

> Dealer and Purchaser hereby mutually agree that for any controversy, claim, suit, demand, counterclaim, cross claim, or third party complaint, arising out of, or relating to this Order of the parties' relationship, including but not limited to

Purchaser's efforts to purchase a vehicle (including obtaining financing for same) and to trade in a vehicle (whether statutory or otherwise and irrespective of whether the Necessary Approvals were obtained):

. . . .

(b) Venue shall lie exclusively in Miami-Dade County, Florida[.]

The trial court denied the motion for reconsideration or in the alternative motion for transfer of venue without explanation. The dealer now appeals.

We have de novo review. *R.S.B. Ventures, Inc. v. Berlowitz*, 201 So. 3d 719, 720 (Fla. 4th DCA 2016) (citing *Am. Boxing & Athletic Ass'n v. Young*, 911 So. 2d 862, 864 (Fla. 2d DCA 2005)).

The venue clause in the sales order agreement employs the terms "exclusive" and "shall." It is mandatory in nature by the use of its terms. Such a provision "must be honored by the trial court in the absence of a showing that the clause is unreasonable or unjust." *Michaluk v. Credorax (USA), Inc.*, 164 So. 3d 719, 722-23 (Fla. 3d DCA 2015). Mere inconvenience or additional expense to an objecting party is not sufficient to warrant rejection of a mandatory venue clause. *Farmers Grp., Inc. v. Madio & Co.*, 869 So. 2d 581, 582-83 (Fla. 4th DCA 2004).

The dealer argues the complaint fails to allege proper venue in Broward County. The only exhibit attached to the complaint was the executed retail sales order that provided the dealer's address in Doral, Florida. That location is in Miami-Dade County. It also contained the language quoted above. The dealer points out that the buyer neither filed a motion or other documentation in opposition to the dealer's motion to transfer venue nor argued against the motion.

With nothing to show that the mandatory venue clause was unreasonable or unjust, and no apparent opposition to the motion to transfer, the trial court erred in denying the motion. We therefore reverse and remand the case to be transferred to Miami-Dade County, Florida.

*Reversed and Remanded.*

TAYLOR and FORST, JJ., concur.

\* \* \*

2

*Not final until disposition of timely filed motion for rehearing.*