# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2437

_____

TONY NAPOLI,

    Appellant,

    v.

BUREAU OF STATE EMPLOYEE'S
W/C CLAIMS/ THE DIVISION OF
RISK MANAGEMENT, and
DIVISION OF RISK MANAGEMENT,

    Appellees.

_____


On appeal from an order of the Judge of Compensation Claims.
William R. Holley, Judge.

Date of Accident:  December 2, 1992.

November 30, 2018


JAY, J.

Claimant appeals an order of the Judge of Compensation Claims ("JCC") denying his motion to enforce a mediation agreement that the Employer/Carrier ("E/C") would provide "the requested bed." Instead of providing the brand of bed specified on the prescription—which was not incorporated by reference in the agreement—the E/C attempted to deliver a different brand. We affirm the JCC's finding that there was no meeting of the minds and, therefore, no agreement to enforce.

Claimant, as the party seeking to enforce the agreement, had the burden to prove that both parties meant the same thing when they formed their contract. *Cheverie v. Geisser*, 783 So. 2d 1115, 1119 (Fla. 4th DCA 2001) ("The burden is on the 'party seeking judgment on the basis of compromise and settlement' to establish assent by the opposing party." (quoting *Nehleber v. Anzalone*, 345 So. 2d 822, 822 (Fla. 4th DCA 1977))). But Claimant was unable to convince the JCC that the agreement was founded on a meeting of the minds, because the JCC admitted and accepted parol evidence that the E/C thought the phrase "the requested bed" meant any bed satisfying the doctor's requirements as set forth in that doctor's deposition—which took place before the mediation, constituted an amendment to the physician's written prescription, and involved both parties' counsel.

Parol evidence is admissible to resolve a contract's ambiguity only where that ambiguity is latent. *See generally Landis v. Mears*, 329 So. 2d 323, 325-26 (Fla. 2d DCA 1976) ("Florida courts have adhered to the distinction [between patent and latent ambiguities] and ordinarily allow parol evidence where there is a latent ambiguity and reject it where there is a patent ambiguity."). "[T]he fact that the parties 'read the same document and came to opposite, but equally reasonable conclusions, confirms the document's latent ambiguity.'" *Quillen v. Quillen*, 247 So. 3d 40, 48 (Fla. 1st DCA 2018) (quoting *Toussaint v. Toussaint*, 107 So. 3d 474, 479 (Fla. 1st DCA 2013)). Given the timeline of events, the parties' readings of the phrase "the requested bed" were equally reasonable.

Accordingly, the JCC did not err in admitting, or relying on, parol evidence. That evidence supports the JCC's ruling.

AFFIRMED.

B.L. THOMAS, C.J., and BILBREY, J., concur.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellant.

William H. Rogner of Hurley, Rogner, Miller, Cox & Waranch, P.A., Winter Park, and Stephen M. Armstrong of Stephen M. Armstrong, P.A., Jacksonville, for Appellees.