BERGER, J.,
Gold Crown Resort Marketing, Inc. (Gold Crown) appeals the trial court's order denying its motion to dismiss for improper venue in this class action case.[1] We reverse.
*791 Gold Crown, which maintains its corporate headquarters in Florida, runs a resort business on a membership model and uses local affiliates to solicit business. The affiliates execute membership agreements with customers requiring Gold Crown to issue a membership. The membership agreements contain forum selection clauses, and the language in these clauses varies between the different affiliates.
Timothy Phillpotts, Susan Taylor, Bethann E. Ritter Snyder, Eric Hillis, and Karen Confer, in their individual capacities and as class representatives,[2] filed a five-count class action complaint against Gold Crown alleging breach of contract, violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA),[3] unjust enrichment, fraud in the inducement and seeking declaratory judgment on the interpretation of the membership agreements. The class action complaint alleged that Gold Crown improperly charged annual membership fees that were waived in the membership agreements.
The membership agreements executed between the Gold Crown affiliates, Phillpotts, and Taylor were attached to the complaint. The membership agreements for Ritter Snyder, Hillis, and Confer were not. Phillpotts and Taylor, both California residents, executed their membership agreements with Gold Crown affiliates located in California. And although they contracted with differing California affiliates,[4] their membership agreements contained the same choice of law and venue clause:
11) The construction, validity and performance of this agreement will be governed by the laws of the registered locale of the Affiliate and will be subjected to the exclusive jurisdiction of the applicable courts.
Gold Crown filed a motion to dismiss. Gold Crown argued, inter alia , that because the membership agreements for three of the five class representatives were not attached to the complaint, the case must be dismissed as to those three plaintiffs pursuant to Florida Rule of Civil Procedure 1.130(a). As to the remaining two plaintiffs, Phillpotts and Taylor, the motion argued that dismissal was required because the mandatory forum selection clause in the membership agreements attached to the complaint precluded adjudication of the membership agreements in Florida courts.
In response to Gold Crown's motion to dismiss, Phillpotts and Taylor argued that the forum selection clause was ambiguous and therefore not mandatory. They further argued that because Gold Crown drafted the agreements the ambiguity should be construed against it. The trial court agreed and denied Gold Crown's motion to dismiss. This appeal followed.
Gold Crown argues that the forum selection clauses in the Phillpotts and Taylor agreements contain mandatory unambiguous *792 language that requires that the underlying action be brought in California and, consequently, that the trial court erred as a matter of law when it determined the clause was ambiguous and should be construed against the drafter.[5] We agree.
The trial court's ruling on a motion to dismiss based on the interpretation of a contractual forum selection clause is reviewed de novo as a matter of law. R.S.B. Ventures, Inc. v. Berlowitz, 201 So.3d 719, 720 (Fla. 4th DCA 2016) (quoting Am. Boxing & Athletic Ass'n v. Young, 911 So.2d 862, 864 (Fla. 2d DCA 2005) ). The existence of ambiguity in a contract term is also a question of law reviewed de novo. North Star Beauty Salon, Inc. v. Artzt, 821 So.2d 356, 358 (Fla. 4th DCA 2002) (citing Bd. of Trs. of the Internal Improvement Tr. Fund v. Lost Tree Vill. Corp., 805 So.2d 22, 26 (Fla. 4th DCA 2001) ).
Contracts should be construed to give effect to the intentions of the parties. Whitley v. Royal Trails Prop. Owners' Ass'n, 910 So.2d 381, 383 (Fla. 5th DCA 2005) (citing Royal Oak Landing Homeowner's Ass'n v. Pelletier, 620 So.2d 786, 788 (Fla. 4th DCA 1993) ). When "the terms of a contract are unambiguous, the parties' intent must be determined from within the four corners of the document." Burns v. Barfield, 732 So.2d 1202, 1205 (Fla. 4th DCA 1999) (citing Misala, Inc. v. Eagles, 662 So.2d 1389 (Fla. 4th DCA 1995) ). "In the absence of ambiguity, the language itself is the best evidence of the parties' intent and its plain meaning controls." Id. The canons of construction cannot be used when the contract is unambiguous as there is no need for judicial construction. Antoniazzi v. Wardak, 259 So.3d 206, 211 (Fla. 3d DCA 2018) (quoting Hunt v. First Nat'l Bank of Tampa, 381 So.2d 1194, 1197 (Fla. 2d DCA 1980) ); Miller v. Kase, 789 So.2d 1095, 1098 (Fla. 4th DCA 2001) (citing Herring v. First S. Ins. Co., 522 So.2d 1066, 1068 (Fla. 1st DCA 1988) ).
The parties to a contract "have the right to select the forum for prospective disputes." Baker v. Econ. Research Serv., Inc., 242 So.3d 450, 452 (Fla. 1st DCA 2018) (citing Land O'Sun Mgmt. Corp. v. Commerce & Indus. Ins. Co., 961 So.2d 1078, 1080 (Fla. 1st DCA 2007) ). Forum selection clauses may be either permissive or mandatory in nature. Quick Cash, LLC v. Tradenet Enter. Inc., 211 So.3d 1113, 1114 (Fla. 3d DCA 2017) (citing DVDPlay, Inc. v. DVD 123 LLC, 930 So.2d 816, 818 (Fla. 3d DCA 2006) ). They do not " 'oust' courts of their jurisdiction" but instead relate to venue. Taurus Stornoway Invs., LLC v. Kerley, 38 So.3d 840, 842 (Fla. 1st DCA 2010) (quoting Manrique v. Fabbri, 493 So.2d 437, 439-40 (Fla. 1986) ). "A mandatory forum selection clause must be enforced unless it is shown to be unreasonable or unjust." Illinois Union Ins. Co. v. Co-Free, Inc., 128 So.3d 820, 822 (Fla. 1st DCA 2013) (quoting Land O'Sun Mgmt. Corp., 961 So.2d at 1080 ).
"A mandatory forum selection clause requires that litigation be brought in a particular forum while a permissive forum selection clause merely represents consent to jurisdiction." R.S.B. Ventures, Inc., 201 So.3d at 720 (citing Garcia Granados Quinones v. Swiss Bank Corp. (Overseas), S.A., 509 So.2d 273, 274-75 (Fla. 1987) ). Whether the clause is mandatory or permissive is not decided by "specific 'magic words.' " Quick Cash, LLC, 211 So.3d at 1114 (citing Golf Scoring Sys. Unlimited, Inc. v. Remedio, 877 So.2d 827, 829 (Fla. 4th DCA 2004) ). "Instead, the *793 test is whether, when read as a whole, the forum selection clause indicates that the parties intended to try a case in the specified forum and to the exclusion of all others." Id. (citing Celistics, LLC v. Gonzalez, 22 So.3d 824, 825 (Fla. 3d DCA 2009) ). A forum selection clause is mandatory if it uses words such as "must," "exclusive," or "shall." H. Gregory 1, Inc. v. Cook, 222 So.3d 610, 611 (Fla. 4th DCA 2017). But the absence of the words "shall" or "must" "does not necessarily render a forum selection clause permissive." Antoniazzi, 259 So.3d at 209.
We conclude that the forum selection clauses in the Phillpotts and Taylor agreements are clear and unambiguous. They also contain mandatory language by including the term "exclusive jurisdiction." See id. at 209-10 (citing Agile Assurance Grp. Ltd. v. Palmer, 147 So.3d 1017 (Fla. 2d DCA 2014) ). And while they are considered floating forum selection clauses because they do not specify a specific forum, they are enforceable in Florida even though they do not specify a specific city, county, state, or country. See id. at 211-12 ; see also Lopez v. United Capital Fund, LLC, 88 So.3d 421, 425 (Fla. 4th DCA 2012). Here, the "registered locale of the Affiliate" is readily determined by looking at the first line of the agreements, which state that the affiliates in these two agreements are located in San Diego, California, for Phillpotts and Ventura, California, for Taylor. Thus, as it relates to the Phillpotts and Taylor agreements, the "exclusive jurisdiction of the applicable courts" refers only to California courts.
Because the forum selection clause governs the venue of the Phillpotts and Taylor agreements, the complaint should be dismissed as to them.[6] Accordingly, we reverse and remand with instructions that the trial court dismiss Phillpotts and Taylor as class representatives and dismiss their individual claims for improper venue on all of the counts[7] alleged in the complaint.[8]
REVERSED AND REMANDED.
EDWARDS and EISNAUGLE, JJ., concur.

We have jurisdiction over the nonfinal order. See Fla. R. App. P. 9.130(a)(3)(A) ; Baker v. Econ. Research Serv., Inc., 242 So.3d 450, 452 (Fla. 1st DCA 2018) ("Aggrieved parties may appeal nonfinal orders that concern venue, Fla. R. App. P. 9.130(a)(3)(A), so they can avoid being 'forced to litigate the entire controversy in the wrong forum.' " (quoting Mgmt. Comput. Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999) ) ).

Phillpotts and Taylor are from California and used Gold Crown affiliates from California. Hillis is also from California. Ritter Snyder is from Maryland and used a Gold Crown affiliate in Arizona. Confer is a resident of New York.

§§ 501.201-.213, Fla. Stat. (2017).

Phillpotts executed a standard membership agreement with Metropolitan Clubs International dba Portfolio to Paradise located in San Diego. Taylor executed a standard membership agreement with the now-defunct Vacation World International, located in Ventura.

Gold Crown has not raised the rule 1.130(a) issue on appeal.

We decline to address the forum selection clause in the Ritter Snyder agreement, which differs from the forum selection clauses in the Phillpotts and Taylor agreements, because Gold Crown failed to raise the issue below.

Gold Crown argues that the forum selection clauses apply to the noncontractual counts for violation of the FDUTPA and unjust enrichment. The forum selection clauses in the Phillpotts and Taylor agreements encompass the "construction, validity and performance" of the agreements. The forum selection clauses apply to the FDUTPA and unjust enrichment claims because those claims relate to the performance of the agreements in that the class seeks damages and an injunction for being denied the benefits of their agreements unless they pay an annual fee, which the class alleges was waived, to Gold Crown. See SAI Ins. Agency, Inc. v. Applied Sys., Inc., 858 So.2d 401, 404 (Fla. 1st DCA 2003) ; see also Farmers Grp., Inc. v. Madio & Co., 869 So.2d 581, 582-83 (Fla. 4th DCA 2004).

We also decline to address the issue of venue as to Hillis and Confer because their agreements are not in the record, and Gold Crown failed to raise the issue in its initial brief. See J.A.B. Enters. v. Gibbons, 596 So.2d 1247, 1250 (Fla. 4th DCA 1992) ("[A]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief." (citing Snyder v. Volkswagen of Am., Inc., 574 So.2d 1161, 1161-62 (Fla. 4th DCA 1991) ) ).