# Third District Court of Appeal

## State of Florida

Opinion filed June 8, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-882
Lower Tribunal No. 20-7128
_____

**John Ashley Buck, et al.,**
Appellants,

vs.

**Global Fidelity Bank Ltd.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Valentin Rodriguez, P.A., and Valentin Rodriguez, Jr. (West Palm Beach), for appellants.

Shendell & Pollock, P.L., and Seth A. Kolton (Boca Raton), for appellee.

Before EMAS, LINDSEY and LOBREE, JJ.

EMAS, J.

## ON MOTION TO CORRECT SCRIVENER'S ERROR

We grant appellee's motion to correct scrivener's error, withdraw the mandate and our previous opinion, and substitute the following corrected opinion in its stead.

## INTRODUCTION

Appellants John Ashley Buck, John Adrian Buck, John Adrian Buck, II ("Rusty"), Natural Capital Mining, LLC, Natural Capital Mining, Inc. (a Florida corporation), Natural Capital Mining Inc. (a Delaware corporation), and Natural Capital Mining Group, LLC—all defendants in the action pending below—appeal the trial court's non-final order denying their motion to dismiss based on improper venue.

We affirm in part and reverse in part. We hold the trial court erred in its determination that the forum selection clause was permissive rather than mandatory. The mandatory forum selection clause was enforceable by John Adrian Buck, II ("Rusty"), the only defendant who was a signatory to the operative agreement. We therefore reverse that portion of the order denying the motion to dismiss as to John Adrian Buck, II ("Rusty"), and remand with directions to enter an order dismissing the complaint as to John Adrian Buck, II ("Rusty") only. We affirm the order in all other respects.

**FACTS AND PROCEDURAL BACKGROUND**

Global Fidelity Bank, Ltd. (plaintiff-appellee), John Adrian Buck, II ("Rusty") (defendant-appellant), and Natural Capital Limited (a nonparty below and on appeal)[1] entered into a Sale and Repurchase Agreement ("the Agreement") under the laws of the Cayman Islands relating to the sale and repurchase of unrefined gold. The remaining appellants (John Ashley Buck, John Adrian Buck, Natural Capital Mining, LLC, Natural Capital Mining, Inc. (a Florida Corporation), Natural Capital Mining Inc. (a Delaware Corporation), and Natural Capital Mining Group, LLC) were nonsignatories to the Agreement.

Paragraphs 22, 23 and 24 of the Agreement provide as follows:

**Third-Party Rights**

No person other than a party to this Agreement, their successors and permitted assignees, shall have any right to enforce any of its terms.

**Applicable Law**

This Agreement and any dispute or claim arising out of or in connection with it or its subject matter of formation (including non-contractual disputes or claims) **shall be governed by and**

---

[1] Natural Capital Limited is not a party to the pending Florida lawsuit. Instead, the Florida complaint alleges that the corporate appellants (defendants below) "are the alter-egos of non-party Natural Capital Limited ('NCL') a Cayman Islands Company," or—alternatively—that the corporate appellants "are the mere continuations of NCL."

3

**construed in accordance with the laws of the Cayman Islands**."

(Emphasis added).

**Jurisdiction**

**The courts of the Cayman Islands shall have jurisdiction** in relation to any dispute or claim arising out of or in connection with this Agreement or its subject matter or formulation (including non-contractual disputes or claims).

(Emphasis added).

In March 2020, Global sued appellants in a nine-count complaint filed in Miami-Dade Circuit Court.[2] Appellants moved to dismiss the Florida action, contending that the mandatory forum selection clause in the Agreement required Global to litigate its claims in the Cayman Islands. Global filed a response, contending that the clause was permissive, not mandatory. It further contended that the forum selection clause could not be enforced by nonsignatories to the Agreement. Following a hearing, the trial court denied the motion to dismiss.

---

[2] Months earlier, Global had filed suit in the Cayman Islands against Natural Capital Limited (a signatory to the Agreement but a nonparty in the Florida case), based upon an alleged breach of the same Agreement as in the instant action. The Cayman Islands lawsuit—like the Florida lawsuit—sought damages for breach of contract and conversion. The primary differences between the two lawsuits are the number of defendants and the additional counts contained in the Florida action.

4

Relevant to our review, in denying the motion the trial court concluded: (1) the Agreement's forum selection clause was permissive, not mandatory; (2) the clause's reference to "jurisdiction" relates to the court's authority to act, not to the venue or forum where claims must be brought; and (3) only John Adrian Buck, II ("Rusty") and Global, as parties and signatories to the Agreement, had the right to enforce its terms.

This appeal followed.

## **STANDARD OF REVIEW**

"The trial court's construction of the forum selection clause is subject to de novo review." Antoniazzi v. Wardak, 259 So. 3d 206, 209 (Fla. 3d DCA 2018).

## **ANALYSIS AND DISCUSSION**

A review of the Agreement's plain language reveals that the forum selection clause is mandatory, not permissive. This court recently reaffirmed the difference between mandatory and permissive forum selection clauses:

> *Mandatory forum selection clauses require or unequivocally specify ... **that a particular forum be the exclusive jurisdiction** for litigation concerning the contract*. Whereas, permissive forum selection clauses constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum. Hence, forum selection clauses that lack mandatory or exclusive language are generally found to be permissive.

Rudman v. Numismatic Guar. Corp. of Am., 298 So. 3d 1212, 1214 (Fla. 3d DCA 2020) (emphasis added) (citations and quotations omitted).  Typically, "[a] forum selection clause is mandatory if it uses words such as 'must,' 'exclusive,' or 'shall.'" Gold Crown Resort Mktg. Inc. v. Phillpotts, 272 So. 3d 789, 793 (Fla. 5th DCA 2019).  Here, Paragraph 24 of the Agreement provides:

> The courts of the Cayman Islands ***shall have jurisdiction*** in relation to any dispute or claim arising out of or in connection with this Agreement or its subject matter or formulation (including non-contractual disputes or claims).

(Emphasis added.)

Global nevertheless contends this paragraph's reference to "jurisdiction" does not relate to the forum where the dispute or claim must be brought, but rather the jurisdictional authority of the Cayman Islands to hear the dispute or claim.[3]  As ostensible support for this proposition, Global relies

---

[3] Any contention that the forum selection clause's reference to "jurisdiction" relates solely to a court's "authority to act"—that is, subject-matter jurisdiction—simply cannot be reconciled with the well-established law that "[s]ubject matter jurisdiction is conferred upon a court by a constitution or statute, and cannot be created by waiver, acquiescence or agreement of the parties."  Polk Cty. v. Sofka, 702 So. 2d 1243, 1245 (Fla. 1997) (quoting Snider v. Snider, 686 So. 2d 802, 804 (Fla. 4th DCA 1997)).  See also Cunningham v. Standard Guar. Ins. Co., 630 So. 2d 179, 181 (Fla. 1994) (holding that "the parties cannot stipulate to jurisdiction over the subject matter where none exists"); Martinez v. Scanlan, 582 So. 2d 1167, 1171 n. 2 (observing that "mere mutual agreement between parties cannot confer subject-matter jurisdiction upon a court.")

6

on a quote taken from <u>Taurus Stornoway Invs., LLC v. Kerley</u>, 38 So. 3d 840, 842 (Fla. 1st DCA 2010): "Venue and jurisdiction are not synonymous; rather venue concerns the privilege of being accountable to a particular court in a particular location, whereas jurisdiction is the 'power to act,' the authority to adjudicate the subject matter." Global's reliance on this quote is misplaced, however, since the discussion of "jurisdiction" in <u>Taurus</u> involved subject-matter jurisdiction, not "territorial jurisdiction." <u>See, e.g.</u>, <u>Morrison v. Bestler</u>, 239 Va. 166, 169 (1990) ("The term jurisdiction embraces several concepts including subject matter jurisdiction, which is the authority granted through constitution or statute to adjudicate a class of cases or controversies; **<u>territorial jurisdiction, that is, authority over persons, things, or occurrences located in a defined geographic area</u>**; notice jurisdiction, or effective notice to a party or if the proceeding is in rem seizure of a res; and "the other conditions of fact must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree.") (emphasis added); JURISDICTION, Black's Law Dictionary (11th ed. 2019) ("A geographic area within which political or judicial authority may be exercised"; "territorial jurisdiction[:] 1. Jurisdiction over cases arising in or involving persons residing within a defined territory. 2. Territory over which a government, one of its courts, or one of its

subdivisions has jurisdiction."). See also World Vacation Travel, S.A., de C.V. v. Brooker, 799 So. 2d 410, 412 (Fla. 3d DCA 2001) (noting that the mandatory forum selection clause waived "any other territorial jurisdiction").

In the instant case, the use of the word "jurisdiction" instead of "venue" or "forum" did not alter the parties' intent, as expressed in the Agreement, that any dispute or claim must be litigated in the courts of the Cayman Islands. See, e.g., Brooker, 799 So. 2d at 411 (mandatory forum selection clause: "In case of any controversy or dispute in the interpretation of this agreement, both parties agree and accept to be subjected to the jurisdiction and competence of the Administrative Authorities and Courts of the city of Cancun, Municipality of Benito Juarez, in the State of Quintana Roo, Mexico, and the Federal Consumer Office, *forsaking any other jurisdiction* which either party may claim by virtue of its residency") (emphasis added); Phillpotts, 272 So. 3d at 791 (mandatory forum selection clause: "The construction, validity and performance of this agreement will be governed by the laws of the registered locale of the Affiliate and *will be subjected to the exclusive jurisdiction of the applicable courts*") (emphasis added); TECO Barge Line, Inc. v. Hagan, 15 So. 3d 863, 864 (Fla. 2d DCA 2009) (mandatory forum selection clause: "I also agree that all suits involving the Vessel Wage Continuation Plan or any work related injury or occupational

8

illness ***shall be brought in the courts nearest TECO Barge Line***, those being the United States Federal Sixth Circuit Western Kentucky located in Paducah, Kentucky or the Circuit Court of the First Judicial Circuit of Massac County in the State of Illinois ***to the exclusion of any other courts or jurisdictions.***") (emphasis added).

Finally, we note appellants have not challenged the trial court's finding that the forum selection clause could be asserted and enforced only by the signatories to the Agreement, given the express language of the Agreement which provided that "[n]o person other than a party to this Agreement, their successors and permitted assignees, shall have any right to enforce any of its terms." In the instant case, only appellant John Adrian Buck, II ("Rusty") was a signatory to the Agreement. Thus, the trial court held, only he could seek to enforce the Agreement's forum selection clause and seek dismissal of the complaint in reliance upon its terms. By failing to contest, on appeal, this determination by the trial court, the remaining appellants have waived it. See Braddy v. State, 219 So. 3d 803 (Fla. 2017); Ramos v. Philip Morris Cos., Inc., 743 So. 2d 24 (Fla. 3d DCA 1999).[4]

---

[4] While we do not reach the issue, we note this Agreement contains language similar to that in Crastvell Trading Ltd. v. Marengere, 90 So. 3d 349, 352 (Fla. 4th DCA 2012) (interpreting the language of the agreement, which provided that "[a] person who is not a party to this Agreement shall have no right under the Contracts (Rights of Third Parties) Act 1999 to enforce any

**CONCLUSION**

We hold that the forum selection clause in the Agreement was mandatory. We reverse that portion of the order which denied the motion to dismiss as to John Adrian Buck, II (Rusty"), and remand for the trial court to enter an order of dismissal as to John Adrian Buck, II ("Rusty") only. We affirm the remaining aspects of the order on appeal.

Affirmed in part, reversed in part and remanded with directions.

---

term of this Agreement. . . ."; holding that a nonparty could not enforce a forum selection clause of that agreement and rejecting the argument that the nonparty had standing to enforce the clause because he was the alter ego of the party to the loan agreement).