# Third District Court of Appeal
## State of Florida

Opinion filed November 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1801
Lower Tribunal No. 20-27319
_____

**EcoVirux, LLC,**
Appellant,

vs.

**BioPledge, LLC, et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Goodkind & Florio, P.A., Vanessa A. Rousso, and Brian K. Goodkind, for appellant.

Akerman LLP, Alexandra M. Mora, Alejandro J. Paz, Davis Law Firm, and Bryan T. Davis (Whitefish, MT), for appellees.

Before LOGUE, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, EcoVirux, LLC, challenges a final order dismissing its lawsuit against appellees, Alex Baranga, Christina Baranga, and BioPledge, LLC, with prejudice. The primary issue on appeal presents a purely legal issue of contract construction, namely, whether the forum selection clause contained within the parties' distribution agreement is mandatory such that any action arising under the contract may be maintained only in the state or federal courts of Denton County, Texas. Finding that the clause is unambiguously exclusive and there is a clear nexus between the claims alleged and the agreement, we affirm in all respects, save the "with prejudice" nature of the dismissal.

## BACKGROUND

The genesis of this dispute lies in the unprecedented demand for disinfecting products that arose in the infancy of the COVID-19 pandemic. The Barangas owned BioPledge, a Texas limited liability company. BioPledge marketed and distributed a commercial disinfectant spray known as BioPledge AntiMicrobial Protection+. EcoVirux sought distribution rights, and the Barangas and BioPledge drafted a proposed distribution agreement containing a forum selection clause. Before executing the agreement, EcoVirux modified two words in the forum selection clause. The clause, in its final form, reflected the following:

2

This Agreement shall be governed by and interpreted in accordance with the laws of Texas. The exclusive venues for any dispute(s) arising under this Agreement (including but not limited to breach, validity, and enforceability of the Agreement) ~~shall~~ may be <u>brought</u> in the state and federal courts for Denton County, Texas. The parties' consent to the personal jurisdiction of and venue in such courts for all of such cases and controversies, which include any action at law or in equity.

Within months of signing the distribution agreement, EcoVirux filed suit against BioPledge and the Barangas in the circuit court of Miami-Dade County. In the operative complaint, EcoVirux alleged counts for fraud, conspiracy to commit fraud, negligent misrepresentation, breach of contract, and violation of section 501.201 et seq., Florida Statutes (2020), known as the "Florida Deceptive and Unfair Trade Practices Act." The claims all centered around common allegations that BioPledge and the Barangas misrepresented their ownership of the distribution rights and effectiveness of the product. The distribution agreement was appended to the complaint.

Invoking the forum selection clause, the Barangas and BioPledge filed a joint motion to dismiss for improper venue pursuant to Florida Rule of Civil Procedure 1.140(b)(3). EcoVirux opposed the motion, contending the forum selection clause was permissive rather than mandatory, or, at a minimum, ambiguous, and, alternatively, dismissal should be without prejudice. After convening a hearing, the trial court dismissed the complaint with prejudice. Rehearing proved unsuccessful, and the instant appeal ensued.

## STANDARD OF REVIEW

In construing a forum selection clause, we apply a de novo standard of review. Antoniazzi v. Wardak, 259 So. 3d 206, 209 (Fla. 3d DCA 2018). Similarly, "[t]he existence of ambiguity in a contract term is . . . a question of law reviewed de novo." Gold Crown Resort Mktg. Inc. v. Phillpotts, 272 So. 3d 789, 792 (Fla. 5th DCA 2019).

## ANALYSIS

"[I]t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court . . . ." Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315–16 (1964). Forum selection clauses serve the laudatory purpose "of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 594 (1991). Placing a high premium on freedom of contract, the courts of this state enforce such clauses absent a showing that enforcement would be unjust or unreasonable. See Manrique v. Fabbri, 493 So. 2d 437, 440 (Fla. 1986); Am. Safety Cas. Ins. Co. v. Mijares Holding Co., 76 So. 3d 1089, 1092 (Fla. 3d DCA 2011).

There is a critical distinction between mandatory and permissive forum selection clauses. "Permissive clauses constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum." Garcia Granados Quinones v. Swiss Bank Corp. (Overseas), S.A., 509 So. 2d 273, 274–75 (Fla. 1987). In contrast, mandatory forum selection clauses provide "for a mandatory and exclusive place for future litigation." Id. at 274.

Absent a latent ambiguity—as distinct from a patent ambiguity—the determination as to whether a clause is mandatory or permissive is a matter of pure contractual interpretation.[1] See Gold Crown Resort, 272 So. 3d at 792–93. Clauses containing language of exclusivity are construed as mandatory. See Sonus-USA, Inc. v. Thomas W. Lyons, Inc., 966 So. 2d

---

[1] "Patent ambiguities are on the face of the document, while latent ambiguities do not become clear until extrinsic evidence is introduced and requires parties to interpret the language in two or more possible ways." Prime Homes, Inc. v. Pine Lake, LLC, 84 So. 3d 1147, 1151–52 (Fla. 4th DCA 2012); see also Francis Bacon, Maxims of Law Regula XXV, in 4 The Works of Francis Bacon 79 (J. Johnson 1803) ("There be two sorts of ambiguities of words, the one is *ambiguitas patens*, and the other *latens*. *Patens* is that which appears to be ambiguous upon the deed or instrument: *latens* is that which seemeth certain and without ambiguity, for anything that appeareth upon the deed or instrument; but there is some collateral matter out of the deed that breedeth the ambiguity."). "Parol evidence is admissible to resolve a contract's ambiguity only where that ambiguity is latent." Napoli v. Bureau of State Emp.'s W/C Claims/ The Div. of Risk Mgmt., 260 So. 3d 449, 450 (Fla. 1st DCA 2018).

992, 993 (Fla. 5th DCA 2007); Antoniazzi, 259 So. 3d at 209.  No "magic words" are required, but the language employed must evince the parties' clear intent to limit venue.  See Celistics, LLC v. Gonzalez, 22 So. 3d 824, 826 (Fla. 3d DCA 2009).  In the absence of such language, a clause is deemed permissive.  Sonus-USA, 966 So. 2d at 993.

Against these principles, we examine the case at hand.  Here, the forum selection clause provides: "[t]he exclusive venues for any dispute(s) . . . may be brought in the state and federal courts for Denton County, Texas."  Courts have consistently construed clauses containing the word "exclusive" and its variants as mandatory.  See Weisser v. PNC Bank, N.A., 967 So. 2d 327, 331 (Fla. 3d DCA 2007); Gold Crown Resort, 272 So. 3d at 793; H. Gregory 1, Inc. v. Cook, 222 So. 3d 610, 611 (Fla. 4th DCA 2017); Antoniazzi, 259 So. 3d at 209–10.  Notwithstanding this line of authority, EcoVirux seizes on the word "may" for the proposition the clause is permissive or, at a minimum, ambiguous.

Divorced from its contractual context, the phrase "may be brought" could indeed be interpreted as permissive.  It is well-settled, however, that words and phrases in a contract cannot be considered in isolation.  See Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 174 (2012) (footnote omitted) ("If possible, every word and every

6

provision is to be given effect (*verba cum effectu sunt accipienda*).").  None

should be ignored, and any "apparent inconsistencies" must be "reconciled

if possible."  Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369

So. 2d 938, 941 (Fla. 1979); see also Restatement (Second) of Contracts §

202(2) (1981) ("A writing is interpreted as a whole, and all writings that are

part of the same transaction are interpreted together.").

In the instant case, the contract clearly provides that the parties

selected the state and federal courts of Denton County, Texas, to litigate any

disputes.  In designating these courts as the exclusive fora, the parties

necessarily eschewed all other venues.

The phrase "may be brought" does not detract from this expressed

intention.  Instead, the clause simply states the obvious.  No aggrieved party

is compelled to file suit to resolve a given dispute.  If the party elects to do

so, however, suit is proper only in either the state or federal courts of Denton

County, Texas.  See Copacabana Recs., Inc. v. WEA Latina, Inc., 791 So.

2d 1179, 1180 (Fla. 3d DCA 2001) (holding forum selection clause

mandatory despite "seemingly contradictory language" where clause

contained words of exclusivity and permissive language); Agile Assurance

Grp., Ltd. v. Palmer, 147 So. 3d 1017, 1017–18 (Fla. 2d DCA 2014) (finding

forum selection clause mandatory where it provided any action "may be

instituted exclusively" in the Philippines); <u>Coffee Bean Trading-Roasting, LLC v. Coffee Holding, Inc.</u>, 510 F. Supp. 2d 1075, 1077 (S.D. Fla. 2007) (holding forum selection clause mandatory when it stated in pertinent part: "the parties hereto hereby . . . agree that exclusive venue of any such action or proceeding may be laid in the State of Delaware"); <u>Golf Scoring Sys. Unlimited, Inc. v. Remedio</u>, 877 So. 2d 827, 828–29 (Fla. 4th DCA 2004) (concluding forum selection clause mandatory where it stated "[t]he parties hereto consent to Broward County, Florida, as the proper venue for all actions that may be brought pursuant hereto").

Drawing on the parties' pre-contract negotiations, EcoVirux alternatively contends that parol evidence would establish the clause was intended to be permissive. It is axiomatic that "extrinsic evidence . . . should not be used to introduce [a contractual] ambiguity where none exists." <u>Interwest Const. v. Brown</u>, 29 F.3d 611, 615 (Fed. Cir. 1994). In this vein, the parol evidence rule excludes evidence of prior negotiations to change or modify the terms of a binding integrated contract, and differing interpretations of the same words in a contract will not give rise to an ambiguity. <u>See</u> Restatement (Second) of Contracts § 213 cmt. a–b (1981); <u>see also Garcia Granados Quinones</u>, 509 So. 2d at 275; <u>McLane Foodservice, Inc. v. Table Rock Rests., L.L.C.</u>, 736 F.3d 375, 378 (5th Cir. 2013); <u>Parisi v. Parisi</u>, 107

8

A.3d 920, 929 (Conn. 2015); Gulf Metals Indus., Inc. v. Chicago Ins. Co., 993 S.W.2d 800, 806 (Tex. App. 1999). To allow otherwise would be to "cast[] a long shadow of uncertainty over all transactions." Trident Ctr. v. Conn. Gen. Life Ins. Co., 847 F.2d 564, 569 (9th Cir. 1988).[2] Thus, because the clause is clear and unambiguous, the trial court properly rejected parol evidence to defeat the parties' expressed intent.

Finally, the claims alleged in the complaint all trace their origins to the distribution agreement. Without the contract, there would be no basis for the lawsuit. Hence, there is a clear nexus between the agreement and the allegations, and resolution of the dispute requires reference to the agreement itself. See Jackson v. Shakespeare Found., Inc., 108 So. 3d 587, 593 (Fla. 2013); Stewart Org., Inc. v. Ricoh Corp., 810 F.2d 1066, 1070 (11th Cir. 1987); World Vacation Travel, S.A., de C.V. v. Brooker, 799 So. 2d 410, 412–13 (Fla. 3d DCA 2001); SAI Ins. Agency, Inc. v. Applied Sys., Inc., 858 So. 2d 401, 404 (Fla. 1st DCA 2003). Because the claims stem directly from the contract and the commercial relationship of the parties relates to the agreement itself, the non-signatories to the agreement, the Barangas, are

---

[2] This argument further fails to account for the adage "ambiguities and inconsistencies in a contract are to be interpreted against the draftsman." Pomona Park Bar, 369 So. 2d at 942. Here, EcoVirux implemented the contractual modifications.

9

equally entitled to enforce the forum selection provision.  See Antoniazzi, 259 So. 3d at 210 n.4; W. Bay Plaza Condo. Ass'n, Inc. v. Sika Corp., 338 So. 3d 32, 34–35 (Fla. 3d DCA 2022).

Accordingly, we affirm in all respects except insofar as the trial court dismissed the case "prejudice."  See Carr v. Stetson, 741 So. 2d 567, 569 (Fla. 4th DCA 1999) ("[D]ismissal for improper venue is not a decision on the merits."); Chase v. Jowdy Indus., Inc., 913 So. 2d 1173, 1175 (Fla. 4th DCA 2005) (same).  Upon remand, EcoVirux is entitled to raise any further claims that are not encompassed within the ambit of the forum selection clause and prosecute its current causes of action in Denton County, Texas.

Affirmed in part, reversed in part, and remanded for further proceedings.